DORSEY HAYES, PLAINTIFF-RESPONDENT, v. BROGAN CADILLAC-LaSALLE COMPANY, DEFENDANT-APPELLANT.

Submitted October term, 1931—Decided December 10, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, Alex M. MacLeod.

For the appellee, Feder & Rinzler.

PER CURIAM.

The action was for personal injuries and damage to wearing apparel resulting from a collision of automobiles on July 28th, 1930, at the intersection of Lexington avenue and Harrison street in Passaic. The cause was tried without a jury and resulted in a judgment in favor of the plaintiff below for $378. This was the second trial of the issue. At the first trial there was a judgment of $200 for the plaintiff. This was set aside and a new trial ordered, with the result above stated.

From the second judgment the defendant appeals filing sixteen specifications of determinations with which it is dissatisfied; twelve of these are directed at alleged erroneous rulings upon evidence and are argued under points one to six in appellant's brief. These, we conclude, raise no question of prejudicial or harmful error.

Specification thirteen is directed at error in refusing to nonsuit and is not argued, and is therefore abandoned. Number fourteen is directed to error in refusing to direct a verdict in favor of appellant. This is not argued. In fact the record before us does not show that any such motion was made. Number fifteen alleges error in giving judgment for plaintiff and number sixteen error in not giving judgment for defendant.

The point raised under these specifications is that there was no evidence showing that the driver of the Cadillac car was the agent or servant of the appellant.

The facts relied upon by the plaintiff below were that the defendant-appellant was the owner of the Cadillac car which it had taken in trade from Dr. Kenna. The driver of this car, at the time of the collision, Walters, a nephew of Dr. Kenna, was shown inclined to purchase the car from the defendant, and sought through its president, Brogan, the privilege of using the car over a week-end "on approval," or for the purpose of satisfying himself whether or not he desired to purchase it. This request was denied by Brogan, but later, through the efforts of Dr. Kenna, one McCord, also

an officer of the defendant company, the privilege was granted and the car delivered late on the Saturday afternoon before the happening, at the residence of Dr. Kenna, and from there taken, by someone, at the instance of Dr. Kenna and delivered later, on the same day, to Walters in Jersey City, who took the car and drove it to the shore. On the return from the shore, on the following Monday, July 28th, Walters, driving the car, the happening in question took place.

It further appears that the day following the happening, July 29th, Walters completed with defendant-appellant the arrangements for purchasing the car, giving his check dated July 28th, for the first payment and all papers relating to the transaction were ante-dated to the Saturday prior to the happening and the time when he took possession of the car. Walters also paid a bill of $77 to defendant-appellant for repairs to the car made necessary because of damage to it as a result of the collision. When the car was delivered by appellant to Dr. Kenna, and during the time it was operated by Walters, it had attached dealer's registration plates of the defendant-appellant.

We are unable from such proofs to find anything to charge appellant with the operation of the vehicle or to make the operation by Walters imputable to the appellant.

While the presumption of law was that Brogan Cadillac-LaSalle Company, as owner of the car, was in possession and operating it, the evidence conclusively shows that this presumption was overcome by the uncontradicted proofs to the contrary.

*Doyon* v. *Auto Co.,* 98 *N. J. L.* 540, relied upon by respondent is not in point or applicable, nor is *Gavin* v. *Cohn,* 5 *N. J. Mis. R.* 296.

There being no proof to support the judgment under review, it is reversed, with costs.