672

## Reilly et al. v. Elliott, etc.

*Smillie & Bean*, for plaintiffs.
*T. Lane Bean*, for defendant.

DANNEHOWER, J., August 27, 1936.—This action in trespass was brought by a minor and her father to recover damages for personal injuries to the minor and medical expenses for the father, alleged to have been caused by defendant's agent's or servant's negligent operation of an automobile. An affidavit of defense was filed, denying the agency of the operator of the automobile. This action was tried together with another action in trespass brought by the same plaintiffs against James Haley, the operator of the automobile. The jury rendered a verdict in the sum of $364 in favor of the father plaintiff against Catherine A. Elliott, individually and trading as Used Car Distributors, the owner of said automobile, and nothing for the minor, and, in the other action, a verdict in favor of James Haley, the operator of the automobile. Defendant, Catherine A. Elliott, individually and trading as Used Car Distributors, having filed a point for binding instructions, which was refused, has filed this motion for judgment n. o. v. No motion for a new trial has been filed by any of the parties.

Viewed in a light most favorable to plaintiffs, and giving them the benefit of every reasonable inference tending to support the verdict and rejecting all inferences unfavorable to them, the evidence discloses that on March 22, 1935, at about 6:45 p.m., Kathleen Reilly, aged 10, was playing marbles on the sidewalk in front of 220 East Chestnut Street, Norristown, Pa.; that Stephen Hayes was an employe and salesman of automobiles for Used Car Distributors; that he took a second-hand Packard automobile, belonging to Used Car Distributors, and not bearing dealer's license plates, and left it parked at the curb in front of the home of James Haley, a prospective purchaser, for self-demonstration; that the salesman then left, and later James Haley with his family entered the automobile and, in backing it, ran over and fractured the right leg of Kathleen Reilly. There was no evidence to show that the salesman, Hayes, had express authority to permit another to drive the car, nor was there any evidence that Hayes and Haley were engaged in any joint enterprise. The evidence clearly showed, however, that Hayes was employed to sell used automobiles for defendant, Catherine A. Elliott, and in case of a sale he was to receive commissions.

The question thus raised by the motion for judgment n. o. v. is whether the owner or dealer of automobiles is chargeable with the negligence of the prospective buyer in operating a car, where the prospective buyer, thus permitted by the salesman to drive, is not accompanied by the owner or his employe.

We are unable to discover any case in Pennsylvania where a similar factual situation has been decided. In other jurisdictions the authorities have almost unanimously held that under such circumstances the owner or dealer is not liable: Mosby v. Kimball, 345 Ill. 420, 178 N. E. 66; Hayes v. Brogan Cadillac-La Salle Co., 10 N. J. Misc. 11, 157 Atl. 389; Papineau v. Hefflon et al., 118 Conn. 688, 171 Atl. 509. The general rule is, as set forth

in 5 Blashfield's Cyclopedia of Automobile Law and Practice, 141, 142, sec. 3013:

". . . where the prospective buyer thus permitted to drive is not accompanied at the time of an accident caused by the negligence of the driver by the owner or his servant . . . the general rule being that in such case, in the absence of a statute providing otherwise, the owner is not chargeable with the negligence of the prospective buyer in operating the car." The reason for the rule is that if the owner were held liable it would dispense with the element of presence and control by the owner, his agent, or servant, and the relation of master or servant, or principal or agent, must exist between the person at fault and the person sought to be charged.

We would be inclined to grant defendant's motion for judgment n. o. v. were it not for the fact that the verdicts are inconsistent and self-contradictory. In the action against Catherine A. Elliott, individually and trading as Used Car Distributors, the jury must have found that the minor was not guilty of contributory negligence, that the operator, James Haley, was the agent or servant of Catherine A. Elliott, and was guilty of negligence which proximately caused the injury, thus permitting the father to recover. In the other case, against James Haley, the jury must have found that the minor was guilty of contributory negligence, or that James Haley, the operator, was not guilty of negligence which proximately caused the injury. In other words, the jury placed liability upon the master or principal, and absolved the servant or agent who caused the injury, and failed to follow the instructions of the trial judge. Therefore, the verdicts were inconsistent, self-contradictory and repugnant and cannot stand.

Notwithstanding the fact that no motion for a new trial was made, nevertheless, the granting of a new trial is a judicial power, and the right of the court to grant a new trial of its own motion is indisputable. In our opinion, the jury misunderstood the instructions and the charge of

the court and rendered inconsistent verdicts that cannot be reconciled. Justice requires a new trial.

And now, August 27, 1936, for the foregoing reasons, defendant's motion for judgment n. o. v. is hereby overruled and refused, and a new trial is ordered.