### Nichols v. Harvey & Hancock, et al.

(Decided December 9, 1924.)

#### Appeal from Webster Circuit Court.

1. Parent and Child—Parent's Right to Child's Services During Minority May be Forfeited, Relinquished, or Surrendered.— Parent's right to services of child during minority may be forfeited by failure to provide home for child, if able to do so, or by ill treatment, or neglect forcing child to abandon home, or by becoming so degraded or dissolute that child cannot in decency live with parent, or may be relinquished or surrendered by either express or implied emancipation.

2. Parent and Child—Rule as to "Express Emancipation," Stated.— "Express emancipation" results when parent and child voluntarily agree that child, able to take care of himself, may go out from his home and make his own living, receive his own wages, and spend them as he pleases.

3. Parent and Child—Rule as to "Implied Emancipation" Stated.—"Implied emancipation" results when child works for others, receives his pay therefor and spends it as he pleases and parent acquiesces therein.

4. Parent and Child—Whether Father Had Forfeited Right to Services and Earnings of Infant Boys, Held for Jury.—In father's action for services of infant sons against their employers, question whether father had emancipated the sons and had forfeited his right to their services and earnings by driving them from home, or by becoming so dissolute and degraded that the boys could not in morals or decency live with him, held for the jury.

5. Parent and Child—Instruction on Revocation of Implied Emancipation Held Not Required by Evidence.—In father's action for services of infant sons against their employers, evidence held not to require instruction on revocation of implied emancipation.

6. Parent and Child—Father and Not Mother Entitled to Earnings of Infant Sons.—The father and not the mother, if either, was entitled to earnings of infant sons.

7. Parent and Child—Notice from Mother to Employers of Infant Sons Not Sufficient for Revocation by Father of Implied Emancipation.—Proof of notice from mother to infant sons' employers was not evidence of revocation by father of implied emancipation of sons.

8. Appeal and Error—Verdict of Properly Instructed Jury Not Disturbed.—Verdict of Properly instructed jury on issues of fact properly submitted to jury will not be disturbed.

VERT C. FRASER for appellant.

CASS L. WALKER and J. L. DORSEY for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

By an action at law in the Webster circuit court appellant, A. P. Nichols, sought to recover $1,300.00 from appellees, Harvey & Hancock, a partnership, that being the amount alleged to be due him for the services of two of his infant sons who had been working for appellees at stipulated wages. The petition alleged the infancy of the two sons; that without his knowledge and consent they had been employed by and worked for appellees; that they had never been emancipated by their father; that appellees had been notified not to pay the infants but to pay him for their services, and that their services at the wages agreed upon were worth $1,300.00. Appellees admitted the employment of appellant's two sons, but otherwise traversed the petition and pleaded that if they were infants they had been emancipated by their father

and that they had been settled with for all services rendered. The trial of the case before a jury resulted in a verdict for appellees, and appellant prosecutes this appeal.

The principles of law involved in this litigation were discussed at length in Rounds Bros. v. McDaniel, 133 Ky., 669. It seems to be everywhere recognized that during minority a parent is entitled to the services of his child. That right, however, may be relinquished or surrendered or forfeited by the parent. Such forfeiture arises from a failure by the parent to provide for his child a home if he is able to do so; or by such ill treatment, neglect or cruel conduct as forces the child to abandon his home; or by the parent becoming so degraded or dissolute in character that the child cannot in morals or decency live with him. The right to the services and earnings of his child may be relinquished or surrendered by the parent by emancipating the child. Emancipation in turn may be classified as express emancipation and implied emancipation. Express emancipation results when the parent and child voluntarily agree that the child, able to take care of himself, may go out from his home and make his own living, receive his own wages and spend them as he pleases. An implied emancipation grows out of the parent's acquiescence in his child's working for others, receiving his pay therefor and spending same as he pleases, thereby impliedly consenting to same. These principles are gathered from the McDaniel case above and the authorities supporting them from text-book writers and opinions of courts are referred to in that opinion.

From the evidence introduced for appellant below from the mouths of eighteen witnesses, it is made to appear that the two boys, whose labor is in controversy, were infants; that they had been furnished a good home and had been well cared and provided for by their father; that they had never been emancipated either expressly or impliedly and that their father had never relinquished, surrendered or forfeited his right to their services and earnings.

On the other hand, the evidence for appellees from the mouths of seventeen witnesses equally as emphatically makes it appear that although infants the boys had been emancipated by their father; and that he had for-

feited his right to their services and earnings by driving them from home, and by becoming so degraded and dissolute that the boys could not in morals or decency live with him. We would not be understood as saying that the testimony of each of the witnesses for either party tended to establish all the foregoing facts on either side but that the evidence of all the witnesses for either side tends to establish those facts. In that state of case, it was clearly a question for the jury to determine as to whether or not appellant had forfeited his right to the services and earnings of his minor children or had relinquished or surrendered such right by emancipating them.

Appellant complains of the instructions by which the issues were submitted to the jury. Under the pleadings in the case three issues were made constituting questions of fact for the jury to determine. The proof established beyond question that appellant's sons who worked for appellees were infants. Although they were infants and under the law their father was entitled to their earnings, yet he had the right to consent that they work for appellees and be paid their wages because his right to their earnings could be waived by him. Such a waiver could be made either expressly or impliedly, expressly by actually consenting thereto and impliedly by permitting the boys to labor and receive their earnings with knowledge that such was being done without objecting or demanding that their earnings be paid to him. The implied waiver would be in the nature of an estoppel. The second issue was that raised by the pleadings and proof as to appellant having forfeited his right to the services of his infant sons by driving them from home or by becoming so dissolute and degraded in character that they could not in decency live with him. The third issue was whether or not prior to their employment by appellees appellant had emancipated his two infant sons.

We have considered the instructions given by the court by which these issues were submitted to the jury with great care and have concluded that while, perhaps inartfully drawn, they submitted the issues to the jury in such a way that they could not have failed to understand what the issues of fact were that they were required to determine. The jury found for appellees. It does not appear from their verdict whether the jury believed that with reference to their labor for appellees appel-

lant had waived his right to their earnings, or whether the jury believed that appellant had emancipated the two boys before they were employed by appellees, or whether they believed that he had forfeited his right to their earnings by driving them from home or by becoming so degraded and dissolute in character that they could not in decency live with him. In fact, on the latter issue the instruction given was not as favorable for the appellees as the issues made by the pleadings and proof authorized. We are convinced that the jury understood the issues they were called on to determine from the instructions given them and that appellant's complaint that they are prejudicially erroneous is not well founded.

Appellant contends that the only evidence of his emancipation of the boys prior to their work for appellees was evidence tending to establish an implied emancipation. He contends further that his testimony in the case tended to establish a revocation of the implied emancipation and that he was entitled to an instruction on that question. He bases that contention on the evidence for appellant that within a week after the boys began working for appellees, in a conversation with one of them, he expressly revoked their prior implied emancipation and on certain notices with reference thereto given appellees while the boys worked for them, evidence of which he insists may be found in the record. In the McDaniel case, *supra,* the right of a parent, under certain conditions to revoke an implied emancipation of his infant, was recognized and we deem it unnecessary to encumber this opinion with a reiteration of the principle and reasons therefor. Our careful consideration of the evidence on this question leads us to conclude that appellant's contention is not well founded. In the conversation he testified about having with one of appellees, the most that he says is that he told appellees not to work the boys for he wanted them to work for him at home. According to his own testimony he did not in that conversation or in any other, so far as the evidence discloses, notify appellees that if the boys worked for them he demanded the right to receive their earnings. It does not appear that he took any steps to exercise his parental authority to compel his boys to return home and labor for him. With reference to the notices claimed to have been served on appellees, the evidence discloses that they

were not from appellant himself but were signed by appellant's wife and did not purport to be from appellant. This suit was brought by the father and under the law and facts of this case the father, if anyone, and not the mother, was entitled to the earnings of the infant children. Proof of notice from the mother in this case would not be evidence of a revocation by the father of his implied emancipation of his sons. We conclude that the evidence was not sufficient to require an instruction on appellant's revocation of the implied emancipation of his sons.

The issues of fact presented by this litigation have been decided by a jury under instructions that submitted the issues to them in such a way that we are convinced they understood them and we will not disturb the judgment of the court entered on the jury's verdict. Hence, the judgment is affirmed.