# Wilhelmi v. Berns.

(Decided June 21, 1938.)

FINLEY F. GIBSON, JR., for appellant.

J. E. HUTCHINS and SIDNEY BAER for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

J. W. Wilhelmi, doing business under the name of Douglas Garage, is appealing from a judgment for $500 recovered against him and John Boyd Kennedy by Paul S. Berns, as damage for personal injuries alleged to have been sustained when he was struck by an automobile owned by Wilhelmi, which Kennedy used as a demonstrator and which at the time was being driven by A. L. Pagliro at Kennedy's direction and invitation.

Wilhelmi operated the Douglas garage in Louisville and sold Hudson and Essex automobiles. Kennedy was his sales manager. On the afternoon of the accident Kennedy drove a new Hudson Terraplane automobile of Wilhelmi's to the offices of the B-Line Cab Company, and invited Pagliro, the president of the company, to look at the car and take a ride in it. Mr. Pagliro's secretary wanted to go to Fourth and Walnut streets, so Kennedy suggested that she accompany them on the ride and they would take her to that point. The three started out with Kennedy driving, but he later turned the wheel over to the young lady and after they had driven over various streets and circled Shawnee park, Pagliro took the driver's seat and drove for some distance and until they reached the intersection of Fourth and Walnut, where the accident occurred.

It is alleged in the petition in substance that Kennedy individually and while the automobile was in his care and custody and under his control turned it over to Pagliro when he knew or by the exercise of ordinary care could have known that Pagliro was an inexperienced and incompetent driver, and that the latter so negligently operated the automobile as to strike and injure plaintiff. As to Wilhelmi it was alleged that at the time of the accident he was the owner of the automobile and that Kennedy, as his agent and servant acting in

the scope of his employment, was demonstrating the car for the purpose of making a sale.

By joint answer Wilhelmi and Kennedy made a general denial of the allegations of the petition and affirmatively pleaded contributory negligence upon the part of appellee. Pagliro and the B-Line Cab Company who were also made parties defendant filed answer, but at the close of the evidence the action was dismissed without prejudice as to them. A traverse of the affirmative defense completed the issues.

As grounds for reversal it is first argued that since the petition contains a charge of general negligence coupled with allegations of specific acts of negligence, the evidence and right to recover is confined to the specific acts of negligence alleged; that appellee failed to establish the specific negligence alleged and therefore the court erred in not sustaining appellant's motion for a directed verdict for him.

As to defendant, Kennedy, the only act of negligence alleged and relied on for recovery is in effect that he turned the operation of the automobile over to Pagliro when he knew or in the exercise of ordinary care should have known he was an inexperienced and incompetent driver and incapable of operating it with safety to others. There is a total absence of evidence to sustain such allegation or of facts from which an inference of the specified acts of negligence might reasonably be drawn, unless it be said that it would arise from the fact that Pagliro was driving at the time of the accident, and we do not regard that as sufficient. Men of long experience in operating motor vehicles and who would be generally regarded as safe, competent and efficient drivers may have accidents. An isolated incident is not enough to establish habit, trait, or general course of conduct. On the other hand, there is direct and positive evidence that Pagliro was an experienced driver, that Kennedy had known him for years and had sold him automobiles, and testified that he always found him to be a competent driver. Pagliro testified that he had been driving for over twenty years and for a number of years drove a cab.

Negligence may be pleaded generally, Ingraham v. Blevins, 236 Ky. 505, 33 S. W. (2d) 357; American Saving Life Insurance Company v. Riplinger, 249 Ky. 8, 60 S. W. (2d) 115; Illinois Cent. Railroad Company v.

Cash's Adm'x, 221 Ky. 655, 299 S. W. 590; and under such general charge any specific acts of negligence may be proved. Louisville & Nashville Railroad Company v. Jackson's Adm'r, 243 Ky. 59, 47 S. W. (2d) 941; but where special acts of negligence are charged, or where a general allegation of negligence is coupled with a charge of specific acts of negligence, or where such general allegation is followed by explanatory charge of specific acts, plaintiff's evidence and right of recovery will be confined to the specific negligence alleged. Davidson v. Perkins-Bowling Coal Company, 255 Ky. 649, 74 S. W. (2d) 1; Wigginton's Adm'r v. Louisville Railway Company, 256 Ky. 287, 75 S. W. (2d) 1046; Braden's Adm'x v. Liston, 258 Ky. 44, 79 S. W. (2d) 241. Applying the standard established by the authorities cited to the facts in evidence, it is obvious that appellee signally failed to meet the burden of establishing the specific negligence alleged as against Kennedy, therefore, the motion for a peremptory instruction should have been sustained as to him but since he has not been made a party to this appeal, the judgment as to him cannot be reversed on that ground. Neither is that ground available to appellant, since the specific charges of negligence were only against Kennedy individually.

Claim made below that Kennedy was an independent contractor and not an agent or employee of Wilhelmi apparently has been abandoned since it was not argued in brief, however, if it still be insisted, it could not under the evidence be sustained, since the evidence shows beyond question that Kennedy was an employee and salesman of appellant.

There is a conflict in evidence as to whether Kennedy was at the time of the accident acting in the course of his employment in demonstrating the automobile with the purpose to effect a sale. The issues made by proof on that question were submitted to the jury under an appropriate instruction and necessarily they would have to find that he was, before they could return a verdict against appellant. There is likewise a sharp conflict in evidence as to whether appellee sustained his injuries as a result of the negligent operation of the automobile by Pagliro or whether it was due to his own negligence. The jury under appropriate instruction found for appellee on that issue made by proof and without entering into a detailed statement of the evidence it may be said that while there is much persua-

sive evidence indicating that the accident was due solely to appellee's negligence and want of care for his own safety, there is likewise such evidence to the contrary as would forbid a holding that the verdict was flagrantly against the evidence or that it was not sufficiently supported by the evidence.

The vital question remaining to be determined is whether a dealer in automobiles is liable for injuries sustained by a pedestrian or other through the negligent operation of an automobile driven by a prospective purchaser while it is being demonstrated by an agent of the dealer. This is the first time that this question has been directly presented to this court for decision. However, we have, inferentially at least, held that in such circumstances the dealer would be liable.

In Louisville Lozier Company v. Sallee, 167 Ky. 499, 180 S. W. 841, an officer of the company was using one of its automobiles for social purposes of his own and permitted a young lady who was accompanying him to drive. While she was so doing the automobile struck and injured Sallee. He recovered judgment against both the company and its officer who was using the automobile at the time of the accident. The judgment was reversed as to the company because the evidence showed that the automobile was being used by him for purposes above indicated and in the course of the opinion it was said: "Unless appellant Lothrop was upon this occasion prosecuting the business of appellant Louisville Lozier Company, we do not think the company would be liable for his acts."

Mr. Wilhelmi testified that it was one of the duties of Kennedy to demonstrate automobiles to prospective purchasers and that it was customary to permit such prospective purchaser to drive the automobile. Apart from the evidence it is a matter of common knowledge that such is the general custom.

In Doyon v. Massoline Motor Car Company, 98 N. J. L. 540, 120 A. 204, an automobile of the company was being demonstrated by one Hvozdik, a demonstrator of the company. He permitted Musante, the prospective purchaser to drive it and while the automobile was so being driven, it struck and injured Doyon who was riding a motorcycle. In the course of the opinion it is said (page 206):

"Hvozdik, the demonstrator, was acting within the

scope of his employment and in pursuance of the custom of his employer in permitting Musante to drive the car. It was a part of the demonstration. It was done to promote the sale of the car. Musante was driving under the direction of Hvozdik. So far as the defendant's responsibility was concerned, it made no difference whether Hvozdik was driving the car or Musante, as under the circumstances each, when driving, was the agent of the defendant'' (the owner).

In Wooding v. Thom, 148 App. Div. 21, 132 N. Y. S. 50, affirmed 209 N. Y. 583, 103 N. E. 1135, a chauffeur demonstrating his car for the owner with a purpose to effect a sale permitted an employee of a prospective purchaser to drive it and it was held that the owner was liable for an injury to a pedestrian resulting from the negligent operation of the car by the employee of the prospective purchaser. The court, among other things said:

"In the present case the master's business upon which Simmons was engaged was demonstrating the capabilities of the car with a view of commending it to a possible purchaser. The evidence clearly shows that the act of Simmons, who was in sole control, in permitting Eglit to drive the car, was because he (Simmons) conceived that to be a good way to demonstrate the quality of the car. It was an act performed in furtherance of his employment."

There are a number of other cases from foreign jurisdictions recognizing the general principle that the dealer or owner of an automobile is liable for injuries to another caused by its negligent operation when being driven by a prospective purchaser in the course of a demonstration of the car. However, in many of those cases the prospective purchaser was an incompetent or inexperienced driver and that fact was known to the demonstrator. See Hoffman v. Roehl, 61 Mont. 290, 203 P. 349, 20 A. L. R. 189; Opecello v. Meades, 152 Md. 29, 135 A. 488, 50 A. L. R. 1385 and annotations following that opinion beginning at 50 A. L. R. 1391. All these and many other cases hold that the controlling question is whether the automobile was being demonstrated or used in the furtherance of the owner's or dealer's business. We find no cases holding contrary to the New York and New Jersey cases above cited.

624

On first impression the case of Cruse-Crawford Manufacturing Company v. Rucker, 220 Ala. 101, 123 So. 897, might be so considered but in that case the salesman of the owner or dealer with authority so to do had been demonstrating an automobile to a prospective purchaser. The demonstration had been completed and the prospective purchaser was satisfied but asked that the car be lent to him that he might drive it to his home and show it to his wife. While going to or from his home he struck and injured another. It was held that the owner was not liable, but on the ground that the driver was a bailee or borrower of the car and was driving it for his own purposes and not for any purposes of the owner. The case is easily distinguished and has no application here. We think the doctrine enunciated in the authorities cited to be sound and adopt same as our view.

Judgment affirmed.

Whole Court sitting except Justice Clay, who was absent.