## Wayne's Adm'x v. Woods.

(Decided Nov. 18, 1938.)

JAY W. HARLAN for appellant.
FOWLER & FOWLER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES— Affirming.

The sole question presented by this appeal is whether or not an automobile dealer who places an automobile in the possession of a prospective purchaser for the purpose of permitting the customer to try out the car, and to induce him to purchase it, is liable to a third person injured by the negligent operation of the car by the customer. It is not claimed that the customer was an inexperienced or reckless driver, or that the dealer had knowledge of any fact militating against the ability

of the customer to handle the car with due regard for the safety of others. It is sought simply to predicate the liability of the dealer upon a supposed relationship of principal and agent, or upon the theory that the dealer and customer were joint adventurers in the common enterprise of completing a sale of the automobile.

In Wilhelmi v. Berns, 274 Ky. 618, 119 S. W. (2d) 625, we held a dealer liable to a third person for injuries received where the car was being driven by a customer, accompanied by one of the dealer's salesmen. There, of course, it could with propriety be said that the car was actually within the control or custody of the salesman. The great weight of authority recognizes the liability of the dealer in such a situation. On the other hand, the authorities are unanimous, so far as we can discover, in holding that a dealer is not responsible, in the absence of a statute to the contrary, for injuries received by third persons where an automobile is loaned to a prospective purchaser, who is a competent driver, for trial. Saums v. Parfet, 270 Mich. 165, 258 N. W. 235, 237; 5 Blashfield, Encyclopedia of Automobile Law and Practice, Permanent Ed., sections 2915, 2918; 4 Berry, Law of Automobiles, section 758. Clearly, the customer was acting for the dealer only in a restricted sense. It was not the purpose of the transaction to affect the dealer's relationship with third persons. Such benefit as might accrue to the dealer arose from the reactions of the customer himself, and not from dealings between the customer and third persons.

Much the same reasoning applies to the contention that the transaction was a joint adventure. The interests of the dealer and customer were not joint, but antagonistic. There was no common interest in the profits, but each was interested in making the best trade that he could for himself.

In the final analysis, the transaction here presented was nothing more nor less than a bailment. A bailor is not responsible to third persons for the negligence of the bailee in the absence of circumstances not here presented. 3 R. C. L. 145; 8 C. J. S., Bailments, section 40; Flaherty v. Helfont, 123 Me. 134, 122 A. 180; Emery v. McCombs, Sup., 167 N. Y. S. 474.

The trial court sustained a demurrer to the petition which raised these questions.

Judgment affirmed.