**In re COOK.**

No. 14676.

District Court, W. D. Kentucky,
Louisville Division.

Jan. 17, 1945.

Hite H. Huffaker, of Louisville, Ky., referee in bankruptcy.

George A. Brent, of Louisville, Ky., trustee.

Robert Hubbard, of Louisville, Ky., creditor.

Joseph M. Hayse, of Louisville, Ky., for bankrupt.

MILLER, District Judge.

This matter is before the court on petitions to review two orders of the Referee entered on June 22, 1944.

By one order of that date the Referee dismissed the petition of the trustee for an order directing the bankrupt and Althea Davis, his daughter, to turn over to the trustee as part of the estate of the bankrupt a 1937 Ford automobile which had been purchased and registered in the name of the bankrupt, and later transferred to the daughter. The trustee and Robert Hubbard, a creditor, have petitioned for a review of this order. In the other order of that date the Referee sustained the objections of the trustee to the discharge of the bankrupt for failure to list among his assets his interest in real estate located in Larue County, Kentucky, and inherited by him from his mother. The bankrupt petitions for a review of this order.

Jurisdiction on the part of the Referee to hear and decide the issues involved in the turnover order was conferred by the consent of the parties. In re Roark, D.C.E.D.Ky., 28 F.Supp. 515, and cases therein cited.

The correctness of the Referee's ruling on the petition for the turnover order depends largely upon the facts as found by the Referee. Although the automobile was registered in the father's name, there was substantial evidence that it was bought by the son who assumed the primary obligation of paying for it. Registration of an automobile in the name of a particular person is not conclusive of the question of ownership or title. Moore

v. Wilson, 230 Ky. 49, 51, 52, 18 S.W.2d 873. It is true that in this case the son was a minor and that unless emancipated his earnings could be legally claimed by his father, but a parent can, if he so desires, release such a claim to the earnings of his infant child. Rounds Bros. v. McDaniel, 133 Ky. 669, 118 S.W. 956, 134 Am. St.Rep. 482, 19 Ann.Cas. 326; Nichols v. Harvey & Hancock, 206 Ky. 112, 266 S.W. 870. Whether the car was purchased by the son or by the father, and also whether or not the father had waived his rights to the earnings of the infant son, were disputed questions of fact before the Referee. It is well settled that the District Court should not disturb the findings of the Referee upon disputed issues of fact unless there is most cogent evidence of mistake and miscarriage of justice. Kowalsky v. American Employers Ins. Co., 6 Cir., 90 F.2d 476, 479.

The petitioners contend, however, that this order of June 22 is erroneous because the Referee entered an order on April 7, 1944 sustaining the request of the trustee for a turnover order, and that on April 19, 1944 he overruled the motion of the bankrupt to set aside the order of April 7, 1944 and that he had no authority to set aside those two orders as he did by order of May 25, 1944, and to thereafter enter the order of June 22, 1944 reversing his prior rulings. There has been some authority to the effect that a Referee in Bankruptcy has no power to reconsider or set aside his own order, and that any review or modification of it must be by petition to review addressed to the District Court. But later better considered opinions seem to have rejected that view and to have established the rule now generally followed which gives the Referee the same right to review and modify his own orders as exists in the District Court. In re Pottasch Bros. Co., 2 Cir., 79 F.2d 613, 101 A.L.R. 1182; In re Jayrose Millinery Co., 2d Cir., 93 F.2d 471; In re Miller, 6 Cir., 111 F.2d 28, 33; Collier on Bankruptcy, 14th Ed., Section 38.09, Page 1426. Accordingly, the petitions of the trustee and the creditor to review the order of June 22, 1944 are dismissed, and said order is affirmed.

The correctness of the second order of June 22, 1944 likewise depends largely upon questions of fact. It was well established that the bankrupt owned an interest in real estate in Larue County, and that he failed to list it among his assets.

The evidence is in conflict as to whether or not he knowingly and fraudulently did so. The Referee made a finding in the affirmative, and there is substantial evidence to support that finding. Kowalsky v. American Employers Ins. Co., supra. The existence of such a fact justifies the refusal of the Referee to grant the discharge. In re Slocum, 2 Cir., 22 F.2d 282; In re Goldman, 2 Cir., 37 F.2d 97; Huntley v. Snider, 1 Cir., 88 F.2d 335; Duggins v. Heffron, 9 Cir., 128 F.2d 546. Accordingly, the petition of the bankrupt to review this order of June 22, 1944 is also dismissed and said order is approved.