## Dolfinger v. Archer et al.

October 19, 1948.

Finley F. Gibson, Jr. for appellant.

Lawrence W. Wetherby for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing.

Appellant brought this action against appellees for damages to, and loss of use of, his automobile, resulting from a collision between it and one operated under the control of appellees. Appellant alleged that the damages were sustained as a result of the grossly negligent and careless manner in which appellees' automobile was being operated at the time of the collision. Without demurring to or answering the petition the defendants filed the following motion:

"The defendants, by counsel, move the Court to require the plaintiff to make his petition more specific in that he be required to state of what the alleged gross negligence and carelessness of the defendant in the operation of said automobile consisted."

In due time the Court entered the following order:

"This cause having been heard on defendant's motion to make plaintiff's petition more definite, certain and specific, and the Court on its own motion having treated same as a general demurrer, and it being considered by the Court that the petition does not state facts sufficient to constitute a cause of action, and plaintiff refusing to plead further and saying nothing further, it is adjudged by the Court that plaintiff take nothing by his petition herein and same is dismissed, and it being further adjudged that from plaintiff defendants recover their costs herein expended, and all of which plaintiff objects and excepts."

The Court explained in his written opinion that he dismissed the petition because it showed the action was not commenced within one year next after the happening thereof.

We know of no rule of procedure which permits a motion to require plaintiff to make more specific the allegations of his petition to be treated by the Court as a demurrer to the petition, nor do we know of any rule or custom which permits the Court to file a general demurrer to the petition on his own motion. The motion to make more certain should have been overruled because a general allegation of negligence ever has been held to be a sufficient plea of negligence in this jurisdic-

tion: Wilhelmi v. Berns, 274 Ky. 618, 119 S. W. 2d 625, 626, and cases therein cited. The Court erred in treating the motion as a demurrer to the petition for which reason the judgment must be reversed. It is unnecessary for us to discuss the question of whether the Court erred in holding that an action for damages to an automobile is barred within one year after the happening of the accident, or whether this question may be raised by a demurrer to the petition.

Judgment reversed.