**DEFENDERS OF FURBEARERS,**
Appellant,

v.

**FIRST NATIONAL BANK & TRUST CO. OF LEXINGTON,** Executor and Trustee Under Will of Mary E. Stevenson, Deceased, et al., Appellees.

**LEXINGTON HUMANE SOCIETY,**
Appellant,

v.

**FIRST NATIONAL BANK & TRUST CO. OF LEXINGTON,** Executor and Trustee Under Will of Mary E. Stevenson, Deceased, et al., Appellees.

Court of Appeals of Kentucky.

Sept. 27, 1957.

Squire R. Ogden, Chas. A. Robertson, and Ogden, Galphin & Abell, Louisville, A. Lloyd Symington, Washington, D. C., for appellant Defenders of Furbearers.

McDonald, Alford & Roszell, Lexington, for appellant Lexington Humane Society.

Robert M. Odear, John L. Davis, and Stoll, Keenon & Park, Lexington, A. Lawrence Sherman, Lexington, Frank L. McCarthy, Lexington, Henry T. Duncan, Jr. and Allen, Duncan, Duncan & Arnold, Lexington, for appellees.

CULLEN, Commissioner.

These two appeals arise from a judgment construing a portion of the will of Mary E. Stevenson, who died early in 1955. The judgment held that the portion of the will in question, as construed by the court, was incapable of execution, and therefore the money attempted to be bequeathed should be distributed to the heirs of the testatrix as intestate property. The amount involved is approximately $55,700.

The Lexington Humane Society, designated as an initial beneficiary of the bequest, has appealed, maintaining that the bequest to it should have been upheld. The Defenders of Furbearers, named as a conditional alternate beneficiary (along with the "National S.P.C.A."), also has appealed, agreeing with the judgment to the extent that the initial bequest was held invalid, but contending that the conditional alternate bequest should have been upheld. The executor and the heirs are appellees.

The will was written in December 1953. The clause in question is as follows:

"Assets to date will more than cover these bequests—Any remaining money to be held by First National Bank & Trust Co.—for the Lexington & Fayette Co. Humane Society for ten years —I suggest that it be used to hire a competent agent to work on streets of Lexington and try to relieve the condition of miserable horses allowed to overworked and mistreated.

"Interest or part of this fund may be made available any time by Bank should such use be met. Miss Elise Shackleford to be in charge—

"Should the above organization decline the request under my conditions, the money is to be divided equally between the National S.P.C.A. and Defenders of Fur Bearers—Washington, D. C."

The problem of construction arises from the fact that there are no "miserable horses, * * * overworked and mistreated," on the streets of Lexington, nor is there any reasonable likelihood of there being any within the ten-year period named in the will. The Humane Society suggests the possibility of a war or other extraordinary situation causing a return to the use of

horses in haulage work in the city, but this is so remote and improbable as not to be entitled to any weight in our consideration of the problem of construction.

The lower court was of the opinion that the gift to the Humane Society was specifically restricted to the purpose of relieving the condition of miserable, overworked and mistreated horses on the streets of Lexington; and since this purpose is incapable of accomplishment, the gift to the Humane Society fails. The Humane Society maintains that the gift was intended to be available for any of the broad humane purposes of the Society, and that the reference to horses was precatory. Significance is sought to be attached to the use of the word "suggest".

■ While "suggest" normally would be considered a precatory word, its significance in this will fades in the light of the provision that the money is to be available "should such use be met," and the provision for a gift over should the society decline the request "on my conditions." Furthermore, if "suggest" is taken to mean a mere request, then it is important to note that the gift over takes effect if the society declines the "request". The suggestion thus becomes an absolute condition. Also of some importance is the fact that the money was not given outright to the society, but was placed in trust, and the fact that the gift was for a limited period of ten years. Giving consideration to the clause as a whole, we concur in the view of the lower court that the gift to the Humane Society was a specific gift for a restricted purpose.

■ The Society suggests that this is a proper case for application of the cy pres doctrine. However, an essential condition of the application of that doctrine is that the court be able to find that the testator was more intent on a general charitable purpose than for the benefit of a particular charity. Hampton v. O'Rear, 309 Ky. 1, 215 S.W.2d 539; Dunn v. Ellis, Ky., 245 S.W. 2d 945. Ordinarily, the doctrine applies only where the failure or impossibility relates to the method or mode of carrying out the general charitable purpose; not where the purpose itself fails or is impossible of accomplishment. 14 C.J.S. Charities § 52, p. 514; 10 Am.Jur., Charities, sec. 127, p. 678; Moore's Heirs v. Moore's Devisees, 34 Ky. 354. Here, we have found in the will, not a general charitable purpose, but a specific, restricted purpose, which itself, rather than its prescribed method of execution, is impossible of performance. Hence, the cy pres doctrine is not applicable.

■ A further reason for nonapplication of the cy pres doctrine exists if, as presently will be discussed, the gift over is considered as having been intended to take effect upon an impossibility of performance the same as upon a voluntary declination of the gift. It appears to be the general rule that cy pres will not be applied where there is an express provision in the instrument of gift for an alternative disposition of the property if the designated charity proves impossible, inexpedient or impractical. Bogert, Trusts and Trustees, sec. 341, p. 318.

It is our opinion that the lower court correctly adjudged a failure of the gift to the Humane Society.

There remains for consideration the question of whether the gift over, to the Defenders of Furbearers and the "National S.P.C.A.," also fails. The lower court so adjudged, on the theory (1) that the gift over was on the same conditions and for the same specific purpose as the initial gift, and therefore was incapable of execution; and (2) that the gift over could not be given effect because the Humane Society had not "declined" the gift to it.

We can find no basis for the conclusion that the gift over was on the same conditions and for the same purpose as the initial gift. There is nothing in the language of the will expressly placing any conditions or restrictions on the use of the money by the

two national organizations. On the contrary, support for the view that the gift over was without restriction is found in the facts that (1) the money itself was directed to be divided among the two organizations, rather than continuing the trust; (2) the Defenders of Furbearers confines its activities to furbearing animals; and (3) it would be inconceivable that the testatrix could have intended that two national organizations should divide between themselves the responsibility of looking after horses on the streets of Lexington.

As concerns the question of whether "decline" includes an impossibility of performance, it seems reasonably clear from the language as a whole that the testatrix intended the gift over to take effect if her initial bequest was not in fact carried out, and she used the word "decline" merely because a declination was the only reason that occurred to her at the time why the bequest might not be carried out. It is difficult to conceive of any reason why the Humane Society would decline the bequest unless it found compliance with the prescribed conditions would be so impractical or inexpedient as to be substantially impossible.

Actually, it might be considered that the Society did in fact "decline the request under my conditions," because the Society is in the position of saying it would like to use the money but not for the restricted purpose expressed in the will.

In City of Belfast v. Goodwill Farm, 150 Me. 17, 103 A.2d 517, there was an initial bequest to a city for a charitable purpose with a gift over should the city "refuse to accept" the gift. The city did accept the gift but shortly found that the purpose of the charity had failed. The Maine court held that the gift over took effect, being of the opinion that the words "refuse to accept" included a failure of purpose. In some respects the opinion in Young v. Davis, 200 Ky. 76, 252 S.W. 100, is in accord with this holding.

It is our opinion that the gift over, to the Defenders of Furbearers and the "National S.P.C.A.," should be given effect.

On the appeal of the Lexington Humane Society the judgment is affirmed; on the appeal of the Defenders of Furbearers the judgment is reversed, with directions to enter judgment in conformity with this opinion.