John L. BEARDSLEY et al., d/b/a Beardsley Brothers Chevrolet Company, Appellants,

v.

Ray T. BROACH.

Court of Appeals of Kentucky.

Feb. 21, 1958.

Waller, Threlkeld, Whitlow & Byrd, William B. Byrd, Paducah, for appellants.

Martin, Neely & Reed, Mayfield, for appellee.

MOREMEN, Chief Justice.

John L. and Cecil Beardsley, who do business under the firm name of Beardsley Brothers Chevrolet Company, have appealed from a judgment against them by which appellee, Ray T. Broach, was awarded the sum of $10,000 as damages for injuries suffered in an automobile accident.

In February 1954, appellants, in the course of their business, obtained a one and one-half ton, 1948, Ford truck. This truck was placed outside the garage building and remained there until late in May or early in June of the same year, when Treva Edwards, who had gone to appellants for the purpose of buying a truck, examined it. Edwards was a regular customer of the garage and the parties were accustomed to dealing with each other.

The terms of the agreement entered into concerning the Ford truck were far from being formal, and may best be described by quoting from the evidence.

John Beardsley stated:

"He came by and asked me about an old truck of some kind to haul hay and I said, 'About all the truck I have is that old one out there. I don't know the condition of it—you can take a look at it and if it will do you any good I'll sell it to you and it will take a hundred and twenty-five to buy the truck and if it isn't no account you try it a few days and if you don't like it, bring it back some time this week.' It was along the first of the week. 'And I'll probably have to scrap it for salvage.' We have a salvage yard too."

He also testified that Edwards did not return it, that the truck was charged to Edwards' open account, which he had before the truck was purchased, and that Edwards made payment on the open account after the truck had been charged to it.

Edwards testified:

"It was setting out at the back of the garage out there and me and John was talking about it and I told him I would need one later in the summer to haul in hay and corn in the fall and he wanted me to try it and couldn't get it cranked and they got a battery and the clutch was replaced and they got it to where it would move and it didn't have any brakes and we took it back two or three times and maybe more."

Edwards immediately took possession of the truck and used it for general farm purposes and for hauling hay, corn and other products. The truck was driven, during the months which followed, by several persons in his employment and no complaint was made by them about the performance of the vehicle other than that it was sometimes necessary for them to "pump" the brakes before they could be applied successfully. Edwards stated that he returned the truck on several occasions to the garage for the purpose of having the brakes repaired. This is denied by appellants.

On November 16, 1954, and after Edwards had operated the truck for about six months, he sent his employee, Charles Rowland, to haul sawdust from Oakton to the home of a customer about twenty miles away. On his second trip, Rowland, who had also previously driven the truck, was proceeding in a southerly direction along the highway when a vehicle stopped on the road in front of him and, in order to avoid striking the motionless vehicle, he swung into the opposite lane and there collided with an automobile driven by appellee, Broach.

A state policeman who investigated the accident testified that Rowland told him "the brakes must have been faulty in some

way because they didn't stop the first time he pressed them." This officer stated that he had to pump the pedal four times, when he tried the brakes after the accident, before pressure was sufficient. On the other hand, the officer pointed out, "At the time he (Rowland) applied the brakes they worked because they skidded the truck." The skid marks began 137 feet from the point of impact and ended 8 feet beyond.

Broach filed suit against Rowland, Edwards, and the Beardsley brothers.

The complaint, as amended, insofar as it is directed to appellants, is in essence that the Beardsley Brothers Chevrolet Company was the owner of the truck, knew of its bad mechanical condition and, knowing it was unsafe, delivered it to Edwards for use on the highways.

Appellee bases his cause of action on subsection (1) of KRS 189.090 which is:

"No owner shall knowingly operate or permit to be operated on a highway a motor vehicle upon which the brakes are defective,"

and on a general theory of law recognized in an annotation in 46 A.L.R.2d page 425, which is as follows:

"Where a statute requires an automotive vehicle or machine to be kept in proper or safe condition by being equipped with a braking mechanism capable of stopping or holding the vehicle according to certain standards, the bailor, as owner of such vehicle or machine, may be held liable irrespective of his common law duty as a bailor, to a bailee or other person injured because of the failure of such vehicle or machine to meet the standards required by the statute."

In both cases, however, even if the hypothesis of liability is accepted, it is necessary to show that defective brakes were the proximate cause of the accident.

In Rawlings v. Clay Motor Co., 287 Ky. 604, 154 S.W.2d 711, 712, 713, as here, plain-

tiff insisted that he was entitled to have his case submitted to the jury upon a showing that the truck owned by defendant was defective as to brakes and lights—and that fact was known to him—and on the ground that such a condition called for the application of a rule that where injuries result from the disrepair of the vehicle, the owner is liable even though at the time it was being driven by an employee on his own business. The court refused to either accept or reject the rule, and said:

"If we were otherwise inclined to adopt the rule, it could not be invoked unless the defective condition be established as the proximate cause of the injuries."

■ We are not convinced that this record discloses sufficient evidence from which the jury might properly have concluded that defective brakes were the cause of the accident in view of the fact that the truck skidded about 137 feet before the impact and 8 feet afterwards. Rowland's conclusion after the accident that "maybe the brakes failed" does not overcome the actual physical facts.

However, it is unnecessary for us to discuss that question at length because the theory advanced by appellants and accepted by the trial court presupposes that appellants were the owners of the car at the time of the accident. If appellants did not own the car at the time of the accident, they could not have been the bailors and the statute (KRS 189.090) applies only to owners.

We believe, therefore, a determination of whether appellants owned this truck or Edwards had purchased it from them is decisive.

■ Generally in bailments where property is delivered on trial with the privilege of returning it, title does not pass until the bailee has executed his option or until a fixed or reasonable time in which to exercise it has elapsed. 6 Am.Jur., Bailments,

§ 37. The relationship of bailor-bailee may be changed to that of seller-buyer by acts and circumstances which amount to the exercise of the option contemplated by the bailment agreement. See annotation in 31 A.L.R. at page 1365, and Wayne's Adm'x v. Woods, 275 Ky. 477, 121 S.W.2d 957.

■ There is nothing in this record which indicates that the parties contemplated that the trial basis was to extend over a period of many months. It may be noted in the testimony first quoted in this opinion that one of the appellants told Edwards he might try the truck for a few days, and in Edwards' quoted testimony he makes no claim that the test period was to extend over a period of six months or more. The only conclusion we may properly reach under the testimony is that the action of Edwards in retaining possession over the long period exercised his option to purchase and vested full ownership in him.

■ The mere fact that the vehicle was registered in the name of another is immaterial. The statute providing for such registration is a regulatory police measure and compliance or non-compliance is not conclusive of ownership. In re Cook, D.C., 58 F.Supp. 361; Moore v. Wilson, 230 Ky. 49, 18 S.W.2d 873.

It is true that in Gaidry Motors, Inc. v. Brannon, Ky., 268 S.W.2d 627, title to the car involved had passed to the buyer and tort liability was based upon "foreseeability" by the dealer that the automobile might be dangerous to others, but the effect of this decision is narrowly limited by the opinion in Armour v. Haskins, Ky., 275 S.W.2d 580, in which it was held that car dealers are not insurers for the continuing safety of automobiles which they have sold.

The lapse of time, the possible and probable change in the condition of the vehicle and Edwards' knowledge that the car had defective brakes, coupled with his act of sending the car on the road in that condition, seem to preclude a finding that appellants' negligence, if any, was the proximate

cause of the accident. We have concluded that at the time of the accident appellants were not the owners of the car, that they had lost all control of it, and were therefore not responsible under any theory of law advanced.

The motion for peremptory instructions made by appellants should have been sustained and the motion for a judgment notwithstanding the verdict should have been sustained. The judgment is therefore reversed and the case remanded for the entry of a judgment in conformity with this opinion.