considered. No prejudicial error has been found.

The motion for an appeal is overruled and the judgment stands affirmed.

James Jackson **MULLIGAN** et al.,
Appellants,

v.

**FIRST NATIONAL BANK & TRUST CO. OF
LEXINGTON**, Ex'r, et al., Appellees.

Court of Appeals of Kentucky.

Nov. 3, 1961.

Elijah **MESSER**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 3, 1961.

Robert M. Odear, Stoll, Keenon & Park, Lexington, for appellants.

John L. Davis, Lexington, for First Nat. Bank & Trust Co.

Frank L. McCarthy, Lexington, for Mrs. Robert E. Petsch.

Henry T. Duncan, Allen, Duncan, Duncan & Arnold, Lexington, Shackelford & Burnam, Richmond, for Willoughby Mulligan and Marion Ross.

Gess, Mattingly, Saunier & Atchison, Lexington, for American S. P. C. A.

. PALMORE, Judge.

The will of Mary E. Stevenson, written in 1953, left the residue of her estate in trust for the Lexington Humane Society and provided that if this gift should fail the money was "to be divided equally between the National S. P. C. A. and Defenders of Fur Bearers—Washington, D. C." In an action brought by the executor to construe the will the Fayette Circuit Court found these provisions to be incapable of execution and held that the funds in question passed by intestacy. On appeals by the Lexington Humane Society and the Defenders of Furbearers this court affirmed the judgment as to the Lexington Humane Society but held that the gift over "to the Defenders of Furbearers and the 'National S. P. C. A.,' should be given effect." See Defenders of Furbearers v. First National Bank & Trust Co., Ky.1957, 306 S.W.2d 100.

After the mandate of this court was issued but before correction of the judgment the American Society for the Prevention of Cruelty to Animals, referring to itself as the party "herein sued and named as 'National Society for the Prevention of Cruelty to Animals,'" moved the circuit court to modify its judgment pursuant to the mandate and, specifically, to award it one-half of the residuary estate. Some two weeks later this organization (which we shall hereinafter call the American Society) filed another motion in the circuit court asking relief from the original judgment under CR 60.02. The apparent purpose of the latter motion was to cover the possibility of the American Society's being treated as having been a party to the litigation prior to the

first appeal and thus bound by the original judgment because it did not appeal from it. Cf. 5B C.J.S. Appeal and Error § 1920, pp. 414–415; May v. Pikeville Nat. Bank, 1927, 218 Ky. 575, 291 S.W. 768; Wilhelmi v. Berns, 1938, 274 Ky. 618, 119 S.W.2d 625.

The motion for relief under CR 60.02 was supported by affidavits setting forth most of the pertinent facts hereinafter narrated. There were no counter-affidavits. After oral arguments the trial court entered an order and judgment correcting the original judgment and specifically reciting that the American Society is entitled to half the residuary estate. From this judgment the parties who would take by intestate succession appeal.

■ The record does not reveal whether it was the circuit court's theory that the American Society (a) was a party to the suit but its rights were protected by the appeal of its co-legatee, Defenders of Furbearers, (b) was a party to the suit and, though not protected by the co-legatee's appeal, was nevertheless entitled to relief under CR 60.02, or (c) was not a party prior to the original judgment and appeal but entered the proceeding by virtue of its motions subsequent to the appeal. At any rate, as we analyze the case American Society was not a party before the first judgment and appeal and therefore was not prejudiced by any failure to appeal, but neither did its subsequent motions constitute an effective intervention so as to authorize a judgment for or against it

It will be recalled that the will mentioned the "National S. P. C. A." In lieu of this designation the executor's suit to construe the will named as a nonresident defendant a "National Society for the Prevention of Cruelty to Animals," address unknown. Evidently, however, there is not any organization by that name (nor by the name of "National S. P. C. A."). The warning order attorney sent his letter of notification to "National Society for the Prevention of Cruelty to Animals, 441 East 92d Street, New York 28, New York." The address

was that of the American Society, which accordingly received the letter. Its general manager, Warren McSpadden, responded by sending the warning order attorney an affidavit outlining the history and powers of the American Society; stating that to the best of his knowledge and belief there was no "National" Society and that in his opinion the testatrix intended by "National S. P. C. A." to name the American Society; and indicating that the latter society would not oppose the claim of the Lexington Humane Society but, in the event the Lexington Humane Society could not have the funds, would like to see that they were used for the benefit of animals either in New York or in Kentucky, as the court might determine.

At the American Society's request the warning order attorney filed the affidavit in the circuit court proceeding. There was no certificate of service, and the record contains no indication that the various adverse parties responded in any way to the issues implicit in the substance of the affidavit. American Society was not represented by counsel and did not further participate in the action until it learned, quite by accident, of this court's reversal of the judgment on the first appeal. That judgment made no reference to American Society.

■ Though a defendant be misnamed in a suit, if he is properly served with process and does not plead the misnomer he is bound by the judgment. However, it is essential that the service should have been on the intended defendant; the case must be one of misnomer and not mistaken identity. 1 Freeman on Judgments 901–905 (§§ 414–415). If there was a misnomer in this case, as between "National" and "American," it was in the will, not in the suit. "National S. P. C. A." may have been nonexistent, yet it was the defendant the executor intended to sue. To say that American Society was the intended defendant would assume, without its having been litigated, the answer to the question of whether the testatrix meant "American" when she said

**62**

"National," which, as it develops, is one of the major substantive issues in the construction of the will. As it cannot be said that the American Society was the party the executor intended to sue, and it was not in fact named as a defendant, its receipt of the warning order notice was a case of mistaken identity and the process was ineffectual. And since it was not a party to the action it could not enter an appearance. Plummer v. Crain, 1827, 5 T.B.Mon. 377, 21 Ky. 377; 6 C.J.S. Appearances § 5, p. 12.

Had the McSpadden affidavit been treated as an intervention by American Society and the issues tried accordingly by express or implied consent of the parties, it might well have been argued that the formal requirements of CR 24 were waived. But that did not occur. Indeed, this case illustrates the value of orderly rules by providing a good example of what happens when they are not followed. One affidavit lodged anomalously in the record is variously claimed to constitute an answer, an entry of appearance, or an intervening complaint, as it suits the parties to argue. It is only by measuring these claims against the rules that we are able to say it is none of them.

 An application to intervene must be accompanied by a pleading setting forth the claim or defense for which the intervention is sought. CR 24.03. Neither of the motions made subsequent to the first judgment and appeal can be treated as an intervention. These motions were resisted by oral argument, but the adversary parties were deprived of the opportunity to respond in such manner as the Civil Rules permit in the case of pleadings.

From what we have said it follows that CR 60.02, by which "a party or his legal representative" may be relieved from a judgment, has no application to this case, because American Society was not a party. However, the facts and circumstances on which American Society relied for relief in its motion under that section are relevant to the question of whether a motion to inter-

vene would now be timely. Cf. Clay, Kentucky Civil Rules, CR 24.01, p. 250; Monticello Electric Plant Bd. v. Board of Education, Ky.1958, 310 S.W.2d 272.

Whether "National S. P. C. A." as it appeared in the will meant "American Society for the Prevention of Cruelty to Animals" is a question that has never been litigated. That is the one salient fact standing clear amid the confusion of this case. In undertaking to settle the issue prematurely the judgment was in error. Since American Society thus far has not properly asserted its claim, either by intervention or independent suit, it cannot have judgment.

The judgment is reversed with directions to strike so much thereof as adjudges the appellee entitled to distribution of half the residuary estate of Mary E. Stevenson, deceased, and the cause is remanded for further proceedings consistent with this opinion.