**Kelly AMBURGEY, Appellant,**

v.

**Lee POTTER et al., Appellees.**

Court of Appeals of Kentucky.

March 3, 1972.

Ronald G. Polly, Whitesburg, for appellant.

John H. Cornett, Hogg & Cornett, Harry M. Caudill, Whitesburg, for appellees.

ROBERT M. COLEMAN, Special Commissioner.

This is an action by the statutory guardian of Robert Dean Amburgey, an infant, who received serious injuries in an automobile wreck on May 29, 1968, in Letcher County.

The issues before the court on this appeal are as follows: (1) Did the trial court err in granting a summary judgment in

favor of the defendants, Clarence Harlow and Ruth Harlow; and (2) did the trial court err in directing a verdict in favor of the defendants, Lee and Hargis Potter, d/b/a Potter Brothers Used Cars, upon the trial of the case?

At the time of the accident, Clarence Harlow and his brother, Carl Harlow (later deceased), were partners in an automobile agency at Whitesburg and Neon. They were doing business as Harlow Motor Company. In July 1968, Carl died and the business was incorporated. This accounts for the numerous defendants.

In the course of their business, they traded for and dealt in used automobiles. According to the testimony of Tony Dann, their salesman who handled both transactions, the car involved was acquired from Bettie Collins in a trade on May 18 or 19, 1968, and on May 20 it was sold to Hargis Potter. Bettie Collins signed a bill of sale in blank. Hargis Potter paid for and took delivery of the car and said he would pick up the bill of sale later; the bill of sale was in Neon. He directed it be made to Potter Brothers Used Cars to save the sales tax. The bill of sale from Bettie Collins to Potter Brothers Used Cars was picked up by his wife, and transfer of title was made on the morning of the accident, nine days after the payment for and delivery of the car to the purchaser, Hargis Potter.

■ In construing KRS 186.200 we have held in the cases of Moore v. Wilson, 230 Ky. 49, 18 S.W.2d 873, and Higginbotham v. Higginbotham's Trustee, 253 Ky. 218, 69 S.W.2d 329, that compliance or noncompliance with the statute is not conclusive of ownership of the automobile. We are of the opinion that the failure of the purchaser, Hargis Potter, to pick up the bill of sale until some nine days after the sale and delivery of the car would not charge the Harlows with liability for the alleged negligent acts of a stranger to whom the purchaser had entrusted the car, and the court was correct in rendering a summary judgment for the Harlows.

■ Hargis and Lee Potter are brothers doing business as Potter Brothers Used Cars. They were engaged in purchasing, reconditioning, and trading in used cars. Each operated from his own home, and the proof is that Hargis sold the Oldsmobile involved to his brother Lee a few days before the accident. The automobile was at Lee's place. On the day before the accident Lee Potter and Philmore Seals, who is not a party to this appeal, were working around Lee Potter's garage and trailer. Robert Dean Amburgey, a neighbor, was over there and testified that he saw them drinking liquor. The testimony of Potter and Seals is that they drank two or three beers during the course of the day. The testimony of Potter and Seals is to the effect that Potter agreed to sell and Seals to purchase the car, and that Potter permitted Seals, as a prospective purchaser, to take the car for Seals' father, who was a mechanic, to check and examine. He left about 8 or 9 o'clock that evening and proceeded to the home of Potter's divorced wife. He was courting their daughter whom he later married. There he drank beer until 12 or 1 o'clock, became intoxicated, and spent the night. Seals arose the next morning, went to his home where he resided with his father and mother, cleaned up and dressed, and was on his way to work in Whitesburg when he picked up the plaintiff and three other high school students who were waiting for the school bus. Shortly thereafter, he lost control of the car on the mountain and the wreck resulted in the death of two of the boys and the injuries to the plaintiff.

The testimony of all the witnesses with whom Seals came in contact, including that of the plaintiff himself, was to the effect that he appeared perfectly normal and showed no sign of intoxication the morning of the accident. There were additional witnesses that Seals was a careful and competent driver.

Plaintiff's recovery against the Potters is predicated upon the negligence of entrusting the automobile to a driver Lee Potter knew to be incompetent. The appellant

cites several cases on negligent entrustment in his brief, but after a careful review of all the cases we are of the opinion that the testimony in this case does not bring it within the rule.

The issue of agency of a prospective purchaser was not raised and is not now before this court.

The trial court so held, and after a review of the testimony and the cases cited in the brief and our ruling in the case of Wayne's Adm'x v. Woods, 275 Ky. 477, 121 S.W.2d 957, that a transaction as proved in this case constitutes a bailment wherein the bailor is not liable for the negligence of the bailee, we are of the opinion that the trial court did not err in directing a verdict for the Potters at the conclusion of all the testimony.

The judgment is affirmed.

All concur.