## CIRCUIT COURT OF FAIRFAX COUNTY

Caldwell

v.

Sharpe et al.

### October 16, 1990

### Case No. (Law) 98111

By JUDGE MICHAEL P. McWEENY

This case came before the Court upon defendant Heritage Chrysler-Plymouth Sales's Motion for Summary Judgment. As counsel sought leave to file briefs, the matter was taken under advisement.

The issues presented in the motion are: (1) whether, as a matter of law, there can be no joint enterprise between a potential customer and an automobile dealership in "test drive" situations, and (2) whether the alleged facts are insufficient as a matter of law to support a joint enterprise even if one can exist in said situation. The latter analysis is to be based upon the Motion for Judgment and the plaintiff's response pursuant to Rule 3:12.

The definition of the doctrine of joint enterprise has been well settled in this Commonwealth:

> To constitute a joint enterprise within the meaning of the law, the parties must have a community of interest in the object and purpose of the undertaking and an equal right to direct and govern the movements and conduct of each other in respect thereto.

*Miles v. Rose*, 162 Va. 572, 588, 175 S.E. 230 (1934). *See also, Alban Tractor Co. v. Sheffield*, 220 Va. 861 (1980); *Miller v. Query*, 201 Va. 193 (1959). There has never been a case reported in Virginia on facts similar to the case at bar; however, this same two-part analysis must be applied.

The defendant would suggest that there can be no community of interest between the customer and the dealer as their position is adversarial, citing *Allen v. Lindstrom*, 237 Va. 489 (1989), and *Wayne's Adm'x v. Woods*, 275 Ky. 477, 121 S.W.2d 957 (1938). The plaintiff responds that there is mutuality of interest in consummating a sale and that many states support the doctrine of joint enterprise under these facts, citing *Dahnke v. Meggett*, 63 Ohio App. 252, 26 N.E. 223 (1939), and *Robbins v. Greene*, 43 Wash. 2d 319, 261 P.2d 83 (1953). The Court is not persuaded by the defendant's position. *Allen, supra*, is a real estate case involving the respective duties of the real estate agents and is clearly distinguishable. *Wayne's Adm'x, supra*, at page 957, does find that the "interests of the dealer and customer were not joint, but antagonistic" in consummating the sale; however, it involved a bailment of the automobile rather than a test drive where the dealer's agent accompanied the customer.

Regarding the "equal right to direct and govern the movements," defendant stated that rights of control are not equal, and plaintiff says they are. Neither is able to point to specific case law. Perhaps the most persuasive analysis is contained in *Wayne's Adm'x, supra*, offered by the defendant for other purposes:

> In *Wilhelm v. Berns*, 274 Ky. 618, 119 S.W.2d 625, we held a dealer liable to a third person for injuries received where the car was being driven by a customer, accompanied by one of the dealer's salesmen. There, of course, it could with propriety be said that the car was actually within the control or custody of the salesman. The great weight of authority recognizes the liability of the dealer in such a situation. On the other hand, the authorities are unanimous, so far as we can discover, in holding that a dealer is not responsible, in the absence of

> a statute to the contrary, for injuries received by third persons where an automobile is loaned to a prospective purchaser who is a competent driver, for trial.

*Id.*, at 957.

This is the same reasoning, using the same Michigan case, followed by the Ohio Court of Appeals in *Dahnke, supra*, cited by the plaintiff. The court there found that a dealer who permits the customer "to drive *and remains with him while so doing* may be liable for the driver's negligence." *Id.*, at 224-25 (emphasis added).

The Court finds that a joint enterprise, under the Virginia two-part test, *may* exist where the salesman accompanies the customer in a test drive. There is a "community of interest" in the test drive itself; that is, the "object and purpose" of the drive is to find the automobile which is to be the subject of the negotiation. Each party has an interest in the satisfactory performance throughout the test. Clearly, the community of interest may not extend into the discussion and negotiation of price. Further, there remains with the salesman a right to direct control, even if the salesman does not exercise said right, unless he fully surrenders and abandons such right. *See Archambault v. Holmes*, 125 Conn. 167, 4 A.2d 420, cited in *Dahnke, supra*.

Regarding the second issue, the defendant contends that there remains no issue of material fact regarding joint enterprise and that summary judgment should be granted. The Court disagrees. It is alleged that Sharpe was driving a vehicle belonging to the defendant dealer, that it was a test drive, and that the salesman accompanied him. In a conclusory manner, a joint enterprise is asserted:

> When the question of whether two or more parties were engaged in a joint enterprise becomes pertinent, such question must be determined as any other factual issue, that is if the evidence is in conflict, or if reasonable men may differ as to the proper inferences to be drawn from the uncontradicted testimony, a jury question is presented; otherwise, it is a question of law to be determined by the Court.

*Painter v. Lingon*, 193 Va. 840 (1952).

Here, the facts alleged are vague and subject to interpretation. Further, the defendant has denied the relationship. The Court cannot state that there is no material fact in dispute. The Motion for Summary Judgment is denied.