# Commonwealth of Kentucky
# Court of Appeals

NO. 2020-CA-0775-DG

CLIFTON ELDRED AND AVERY                                      APPELLANTS
ELDRED

                            ON DISCRETIONARY REVIEW
v.                          FROM OLDHAM CIRCUIT COURT
                            HONORABLE KAREN A. CONRAD, JUDGE
                            NO. 19-XX-00005

STACY ELDRED                                                    APPELLEE

ORDER
DISMISSING

** ** ** ** **

BEFORE:  ACREE, COMBS, AND MAZE, JUDGES.

ACREE, JUDGE:  This appeal involves four members in three generations of the

Eldred family.  Appellant Clifton Eldred is the paternal grandfather to the youngest

member, Intervening Appellant Avery Eldred, and her brother, Tristan Eldred.

Avery's and Tristan's father, Tyler Eldred, was married to Avery's mother,

Appellee Stacy Eldred, when Tyler died, leaving behind substantial real property that would pass to her as his surviving spouse and to his children.[1]

Grandfather Clifton took an interest in Mother Stacy's management of Avery's inheritance after Mother was appointed Avery's guardian. He was allowed to intervene in the Oldham District Court guardianship case to challenge Mother's management of her daughter's inheritance, but he had no success. He appealed the district court's final order to the Oldham Circuit Court.

In affirming, the Oldham Circuit Court summarized the proceedings by saying:

> The District Court chose not to remove the guardian in this case. In addition, the District Court was satisfied with the accounting provided by the guardian to the Court as was the guardian ad litem representing the interest of the child. As this Court believes Appellant [Grandfather Clifton] was incorrectly granted leave to intervene in this case, Appellant was not entitled to discovery, subpoenas or to depose the guardian.
>
> For the above reasons, the Court DISMISSES this appeal.

(Order, p. 6 (Oldham Cir. Ct. May 11, 2020).)

Upon Grandfather Clifton's petition, this Court granted discretionary review. However, a change in circumstances necessarily affects our review.

---

[1] Before this appeal was filed, Tristan reached the age of majority or was otherwise emancipated and is not a party.

During the pendency of this appeal, Avery successfully petitioned for her express emancipation. *Carricato v. Carricato*, 384 S.W.2d 85, 88 (Ky. 1964) (quoting *Nichols v. Harvey & Hancock*, 206 Ky. 112, 114, 266 S.W. 870, 871 (1924) ("Express emancipation results when the parent and child voluntarily agree that the child, able to take care of himself, may go out from his home and make his own living, receive his own wages and spend them as he pleases.")).  "[W]hen a child has been emancipated, he occupies the same legal relation towards the parent as if he has arrived at full age." *Id.*  The effect of emancipation on the legal relation towards the grandparent can be no different.

Avery's emancipation led to the parties' filing of three motions now pending before the Court and their resolution has dispositive effect.

First, Appellee Mother Stacy filed a motion to dismiss on the ground that Avery's emancipation meant Grandfather Clifton lacked standing to pursue her interests as next friend or otherwise.  Alternatively, she sought to have Avery, as the real party in interest, substituted for Grandfather Clifton as the proper Appellant to pursue the appeal of the case Grandfather Clifton lost when representing her interest in the district and circuit courts.  That motion was passed to this merits panel.

Before that motion could be decided, Avery succeeded in intervening in this appeal as a second Appellant or Intervening Appellant.  She then filed her

own verified motion to dismiss the appeal asserting "Appellant, Clifton Eldred has no standing to act on Ms. Avery Eldred's behalf. To be clear, Ms. Eldred has no desire for Mr. Eldred to act on her behalf." She then cited authority that Appellant Clifton Eldred is no longer an "[i]nterested person or entity" as defined in the chapter of Kentucky Revised Statutes governing guardianships, Kentucky Revised Statute (KRS) 387.010(2). She also represented that "she has reviewed and is IN FAVOR of the Appellee Stacy Eldred's previously filed Motion to Dismiss" and that she "respectfully moves this Honorable Court to DISMISS this Appeal."

Appellant Avery has since filed a "Notice" of her "Desire to Abandon Appeal and Re-Newed Motion to Dismiss[,]" repeating but not adding additional authority to the grounds for dismissal in her original motion.

Appellant Clifton Eldred responds by arguing the motions to dismiss are untimely and that this Court should undertake a merits review of the denial of relief by the two courts that previously denied relief.

We conclude Appellant has lost standing to demand an accounting on behalf of Intervening Appellant. "[S]tanding is a constitutional requirement to prosecute any action in the courts of this Commonwealth[.]" *Cabinet for Health & Fam. Servs. v. Sexton*, 566 S.W.3d 185, 188 (Ky. 2018) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). Standing may be conferred by statute; "'[s]tatutory standing' refers to 'whether a statute

-4-

creating a private right of action authorize[d] a particular plaintiff to avail herself of that right of action.'" *Lexington-Fayette Urb. Cty. Hum. Rights Comm'n v. Hands On Originals*, 592 S.W.3d 291, 296 (Ky. 2019) (quoting *Lawson v. Off. of Att'y Gen.*, 415 S.W.3d 59, 67 (Ky. 2013)). "'Dismissal for lack of statutory standing is properly viewed as dismissal . . . for failure to state a claim [upon which relief may be granted].'" *Sexton*, 566 S.W.3d at 191 (quoting 13A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. JURIS. § 353 (3d ed.)).

No matter what novel questions a ruling on this appeal may have resolved, Appellant now lacks standing to pursue his perception of Avery's interests; she is legally capable of doing so for herself. We need not address even whether Avery's emancipation would exempt her from being considered a minor under KRS Chapter 387 because she turned eighteen years old on September 5, 2022. Avery is no longer a minor as far as the applicable provisions of KRS Chapter 387 are concerned, and Appellant is no longer an interested person under the Act.

For the foregoing reasons, we dismiss this appeal.

ENTERED: _____    _____
JUDGE, COURT OF APPEALS

BRIEF FOR APPELLANT:              NO BRIEF FOR APPELLEE.

Jonathan S. Ricketts
Christopher D. Bush
Louisville, Kentucky