LOTT, Respondent, vs. GRANT, imp., Appellant.

*February 5—March 5, 1929.*

For the appellant there was a brief by *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *Charles B. Quarles*.

For the respondent there was a brief by *I. A. Dinerstein* and *Aaron L. Weiss,* and oral argument by *Michael Levin,* all of Milwaukee.

ESCHWEILER, J. Appellant Grant was a dealer in second-hand automobiles. Defendant Stoner, accompanied by his father, visited Grant for a purchase of automobile parts, and Grant suggested making an exchange of their Studebaker automobile. Grant, an experienced driver, took Stoner with him in a car similar in make to the car that Stoner had been for some time operating. Grant drove the car for several blocks with Stoner in the front seat. They exchanged seats, and Stoner drove the car for about a block and a half up to the point of accident. Grant gave no specific directions to Stoner as to the latter's method of driving, but testified that his purpose in so remaining on the front seat while Stoner was driving was that he, Grant, could direct the operations of the automobile in case of accident.

Appellant contends that the evidence is insufficient to support a judgment of his liability for this accident on either of the two grounds claimed by respondent, namely, that the appellant and Stoner were then engaged in a joint enterprise; or that defendant Stoner was, while driving the car, the agent of appellant so as to charge him with Stoner's negligence.

It must be held in a situation such as here presented, where the owner of the car, desirous of effecting a sale, and while

it was being operated for demonstration purposes as an aid to effect such prospective sale, that it was being driven to further Grant's business, and then Grant's continued presence on the front seat in a situation where he could instantly give directions, if necessary, to Stoner as driver, created a relationship between the two wherein Stoner was Grant's agent and his negligence became imputable to Grant.

This disposition of the case makes it unnecessary to consider any other suggested questions.

*By the Court.*—Judgment affirmed.