HENRY PAPINEAU *vs.* JAMES L. HEFFLON ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued February 6th—decided March 6th, 1934.

*Foster K. Sistare* and *Perry J. Hollandersky,* for the appellant (plaintiff).

*John C. Blackall,* for the appellee (defendant).

PER CURIAM. The assignments of error seek, by correction of the finding, to overthrow conclusions by which the additional defendant, The Saybrook Garage, Inc., was relieved from liability. It is found that the defendant Hefflon, at the time when the car driven by him struck and injured the plaintiff, was operating it under an agreement with the Garage to purchase it provided, upon test, he was satisfied, but that he might return it if it proved unsatisfactory. Under such conditions the Garage would not be liable for negligence of Hefflon as there was no claim that he was accompanied by and acting under the supervision and control of any agent or employee of the Garage. *Marshall* v. *Fenton,* 107 Conn. 728, 142 Atl. 403; *Murphy*

(688)

v. *Mace,* 112 Conn. 684, 152 Atl. 582. The appellant's attempt to substitute a finding that the Garage rented the automobile to Hefflon and therefore became liable for negligent operation by him, under § 1627 of the General Statutes (*Levy* v. *Daniel's U-Drive Auto Renting Co., Inc.,* 108 Conn. 333, 143 Atl. 163), has scant substantiation in the evidence, while the finding made on this point is adequately supported. Consequently the desired correction cannot be made.

The further conclusion, that the defective condition of the brakes was not a proximate cause of the plaintiff's injuries, depends upon the finding as to the speed at which the car was traveling, the distance before striking the plaintiff that Hefflon applied the brakes, and the distance within which a car traveling at a speed of twenty miles per hour would stop after the application of brakes in normal working order. The evidence relating to these facts is in some respects conflicting, but includes testimony which it was open to the trial court to believe and which, if credited, affords such support for the facts found as to preclude correction on appeal. Upon the facts found, the trial court might reasonably conclude that the accident would have happened even had the brakes not been defective and that, therefore, this defect was not a proximate cause of the accident. *Shaughnessy* v. *Morrison,* 116 Conn. 661, 666, 165 Atl. 553.

The record is unjustifiably voluminous because of the printing of all of the evidence, only a relatively small portion of which is relevant to the corrections claimed.

There is no error.