## DOWNTOWN CHEVROLET CO. v. BRAUNE.

No. 27357. Oct. 26, 1937.

Roy V. Lewis and Hudson & Hudson, for plaintiff in error.

Roy F. Ford, for defendant in error.

CORN, J. This is an appeal from the district court of Tulsa county from a ruling of the trial court in an action for damages for personal injuries, originally brought by Margaret Braune against the Downtown Chevrolet Company, a corporation, and Alvin Bailey. For convenience the parties will be referred to as they appeared in the trial court.

The facts are that the plaintiff and her friend, Mrs. Kennard, appeared at the defendant company's used car lot, Mrs. Kennard being a prospective purchaser. Bailey, a salesman, invited Mrs. Kennard to drive a particular car, and the plaintiff went on this trip as a guest, riding alone in the rear seat. During the trip the car was driven over some holes in the street and the plaintiff allegedly sustained severe personal injuries.

To the plaintiff's petition the defendant filed a demurrer, which the court overruled. The defendant then filed a separate answer in the form of a general denial, denying, under oath, the agency of the salesman, Bailey. The case was tried to a jury January 21, 1936. At the close of all the testimony the plaintiff asked leave to amend her petition, to wit:

"Comes now the plaintiff and asks permission of the court to amend the petition to conform to the proof that went into the record without objection, in the following particulars, that Mrs. Kennard mentioned in the petition, and also the defendant Bailey mentioned in the petition, at the time of the occurrence resulting in the plaintiff's injuries were acting as agents, servants and employees of the defendant, Downtown Chevrolet Company, and within the scope of their employment, and authority in driving and operating said car, and that both Mrs. Kennard and Mr. Bailey were guilty of negligence in failing to keep a proper look out in the street ahead of them and not discovering the depressions into which the car ran, resulting in plaintiff's injuries."

The court overruled this motion, and the jury returned a verdict for the defendant.

Thereupon the plaintiff interposed a motion for new trial on the grounds that the verdict was contrary to the evidence, and that the court erred in denying the plaintiff the right to amend at the close of all the evidence, and the court sustained the motion upon these grounds. From this ruling of the trial court the defendant appeals, setting up, as the only specifications of error, that the trial court erred in deciding a pure, simple, and unmixed question of law.

Although much the same problem has arisen in other jurisdictions, it seems that our courts have not had occasion to pass directly upon this question. This proposition is dealt with in 20 A. L. R. 194, and 50 A. L. R. 1391, and the rule seems to be that the owner is to be liable for injury to a third party occurring during demonstration of an automobile with the view in mind of making a sale.

The reason for such a holding apparently is that, the authority of the salesman to do

certain acts being established, the machine is in charge of the salesman, and if the conditions are such that the car should be under the control of an expert, he should take control. The question always to be decided is whether the agent acted within the scope of his employment.

Application of these principles to the facts in the instant case leads us to the conclusion that the defendant is liable for the reason that she drove the car at the suggestion of the salesman, took the route suggested by him, and handled the car in the manner he directed, increasing the speed as suggested, in order to determine the riding qualities of the car. True though it may be that such a rule may sometimes work a hardship, the fact remains that the result is made possible by the master. The risk of such a mishap is directly involved in such demonstration, unless all such possible consequences are guarded against, and since the results are made possible only by the acts of the defendant, the rule that the one who makes an injury possible must bear the liability therefor, may well be applied here.

The next question to be considered is whether the trial court should have permitted the amendment. At the outset it may be said that the rule of allowing amendments to pleadings in the furtherance of justice, so long as the issues are not substantially changed, is within the sound discretion of the trial court, is too well recognized to require discussion or extensive citation of authorities. One of the latest expressions from this court in regard to this rule being the case of Hunt v. Tulsa Terrazzo & Mosaic Co., 157 Okla. 174, 11 P. (2d) 521, where this court held that before or after judgment the trial court may allow the petition to be amended to conform to the proof. A further expression of this court on this point is in the earlier case of Shade v. Miller, 131 Okla. 23, 267 P. 626, wherein this court said that the trial court cannot reject a proffered amendment which, on its face, shows that justice would be aided by its allowance.

The defendant takes the position that the trial court committed error in granting a new trial on the ground that amendment should have been allowed, since the request was to conform to the proof when no proof was introduced upon which amendment could be made. At the close of the testimony, by which both Bailey and Mrs. Kennard denied knowledge of the condition of the street, and after the jury had been taken to view the place where the accident occurred, the plaintiff felt, and rightly so, that the jury would infer that neither Mrs. Kennard nor Bailey was keeping a proper lookout, or the true conditions would have been discovered.

A request by the plaintiff to amend her petition to conform to this was proper. The issues were not changed, but only added to the allegations of negligence contained in the original petition, so we hold that the trial court was correct in holding that it had committed error by refusing the plaintiff's request to amend. The granting or refusal of such amendment rests within the sound discretion of the trial court, and its action in the matter will not be reversed unless there is shown an abuse of this discretion. See Jones v. Kress & Co., 54 Okla. 194. 153 P. 655; American Warehouse Co. v. Gordon, 41 Okla. 618, 139 P. 123; Amazon Fire Ins. Co. v. Bond, 65 Okla. 224, 165 P. 414.

The next point urged by the defendant is that the trial court committed error in sustaining the plaintiff's motion for new trial because the court erred in deciding a pure, simple, and unmixed question of law, and in this connection asserts that the sufficiency of the defendant's evidence was never questioned by plaintiff at the trial, either by demurrer or by motion for a directed verdict.

The general rule that when a party acquiesces in submission of issues to the jury without interposing a demurrer or asking a directed verdict, or otherwise attacking the sufficiency of the evidence, it cannot complain on appeal that the evidence does not sustain the verdict, although the insufficiency of the evidence is assigned as a ground for granting new trial, has been enunciated so often by this court that it is not susceptible of controversy. Our question here is not as to a review of the sufficiency of the evidence, but whether the trial court had any right to grant the plaintiff's motion for new trial, when the plaintiff had failed to question the sufficiency of the evidence.

The reason for the trial court's action in the instant case is evident. The plaintiff's request to amend the petition to conform to certain proof had been denied, and the jury was not instructed as to these matters. Then, after consideration in the matter, the court felt that it was error to refuse this request and sustained the motion for new trial, feeling that, had the amendment been allowed and the jury properly instructed, a different conclusion would

have been reached, in the form of a verdict compatible with the evidence presented.

The judgment of the trial court is affirmed.

OSBORN, C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.