CLARENCE E. ARCHAMBAULT *v.* ALBERT G. HOLMES ET ALS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued December 6, 1938—decided February 7, 1939.

*John Clark FitzGerald,* with whom was *Richard C. Hannon,* and, on the brief, *David E. FitzGerald, Jr.,* for the appellants (defendants Holmes).

*T. Holmes Bracken,* for the appellee (plaintiff).

MALTBIE, C. J.  The plaintiff brought this action to recover damages done to a car he owned as the result of a collision between it and another car. The defendants are Martin, who was driving the plaintiff's car, Howard J. Holmes, who was driving the other car, and his father, Albert G. Holmes, who owned it, his liability being based upon the fact that the son was operating it as a family car.  The finding, the corrections in which claimed by the appellant we do not need to consider, states the following facts:  The plaintiff operates an automobile sales agency and a garage.  Martin became interested in a car he had for sale and the plaintiff instructed an employee, Foster, to put markers on it and take Martin for a ride. Martin asked permission to drive the car himself. The plaintiff directed Foster to warm it up and then turn it over to Martin.  Foster did this, explaining its automatic gearshift to Martin before turning it over to him.  Thereafter Foster sat on the driver's seat to the right of Martin.  The collision occurred while Martin was operating the car. The only finding of the court as to the control of the car after it was turned over to Martin is that while he was operating

it Foster did not tell him to drive fast or slow, what streets to go on, when to stop or slow down, and in no way attempted to supervise or exercise any control over his driving of the car. The trial court gave judgment against all three defendants, and the defendants Holmes have appealed on the ground that Martin at the time of the collision was operating the car as the plaintiff's agent and that consequently his negligence would be imputed to the plaintiff and prevent a recovery by him.

In three cases we have held that where a prospective purchaser was intrusted with an automobile by the seller in order to try it and see if he cared to purchase it and he was not accompanied by the owner of the car or his representative, the purchaser was not the servant or agent of the owner so that the latter was responsible for the former's negligent conduct. *Marshall* v. *Fenton,* 107 Conn. 728, 142 Atl. 403; *Murphy* v. *Mace,* 112 Conn. 684, 152 Atl. 582; *Papineau* v. *Hefflon,* 118 Conn. 688, 171 Atl. 509. In the first of these cases we said (p. 731): "In cases in other states in which the owner of an automobile has been held liable for the negligence of a prospective purchaser in driving the car, the driver was, at the time, accompanied by and acting under the supervision and control of an agent or employee of the owner." In support of that statement we cited a number of decisions to which may be added the following: *Hoffman* v. *Roehl,* 61 Mont. 290, 203 Pac. 349; *Smith* v. *Howard Crumley & Co., Inc.* (La. App.) 171 So. 188; *Lott* v. *Grant,* 198 Wis. 291, 223 N. W. 846. To hold the seller of the car liable in such a situation would accord with our decision in *Reetz* v. *Mansfield,* 119 Conn. 563, 148 Atl. 53, where we sustained a judgment against the owner of a car based on negligence in its operation, although at the time a young lady was behind the

wheel of the car and he was sitting to her right but seized the wheel just before the collision; and we said (p. 567): "While there may be a presumption that the person behind the steering wheel is controlling the car, it is not a conclusive presumption. Where one learning to drive, for example, is behind the wheel and the instructor is at his right side, the latter may in fact be in the actual control of the car." Where one permits another to operate a car but remains in control, the driver is no more than the alter ego of the other and his acts are in effect just as much the acts of that other as though the latter were the one actually operating the car.

There may be situations where the seller of a car will not be liable for the negligence of a prospective purchaser when the seller's agent permits him to operate it, although the agent is riding in the car. This would only be where the agent has surrendered to the prospective purchaser the control of its operation. In *Keck* v. *Jones,* 97 Kan. 470, 155 Pac. 950, the purchaser of a car having driven it for a short time returned to the seller's garage and asked that someone might accompany him to observe the mechanical operation of the car and make any adjustments that might be necessary; the dealer sent a machinist, Jones, to ride with the purchaser, Haverstock, for that purpose; the plaintiff suffered injury by reason of Haverstock's negligence in the operation of the car and for that injury the seller was held not responsible, the court saying (p. 475): "Although the enterprise was in a sense joint for certain purposes, management of the car was not one of them; and in the absence of right on the part of Jones to control the movements of the car, or actual interference with Haverstock's control, Haverstock's negligence in operating the car could not be charged to Jones." In *Hartley* v. *Miller,*

165 Mich. 115, 130 N. W. 336, the owner of a car was held not liable for negligence in its operation by one to whom he had loaned it although the owner was sitting on the front seat to the right of the driver.

However, to absolve the seller from liability for the negligence of a prospective purchaser in operating a car while accompanied by an agent or employee of the seller, something more is necessary than the mere fact that the agent or employee failed to exercise control over that operation. In most of the cases we have cited or referred to where the seller was held liable for the negligence of the purchaser, his agent was not in fact exercising any such control. The seller is absolved only where his agent has abandoned his right to control the operation of the car and surrendered that operation wholly to the purchaser. *Sampson* v. *Aitchson*, L. R. (1912) App. Cas. 844, 850; *Greenie* v. *Nashua Buick Co.*, 85 N. H. 316, 158 Atl. 817; *Beaudoin* v. *W. F. Mahaney, Inc.*, 131 Me. 118, 159 Atl. 567. The principle is the same as that applied in determining whether one who does work for another is his employee or an independent contractor, where we have said: "The decisive test is who has the right to direct what shall be done and when and how it shall be done? Who has the right to the general control?" *Thompson* v. *Twiss*, 90 Conn. 444, 447, 97 Atl. 328; *Francis* v. *Franklin Cafeteria, Inc.*, 123 Conn. 320, 324, 195 Atl. 198.

The finding of the court in this case goes no farther than to state that the seller's agent did not actually exercise any control over the car while Martin was driving it. It does not state that the seller's agent had surrendered to Martin the right to control its operation. The finding was not a sufficient basis for a conclusion that Martin was not operating the car in the place and stead of Foster, the plaintiff's agent,

and for holding that Martin's negligence would not be imputed to the plaintiff as his principal.

There is error, the judgment is set aside and a new trial ordered.

In this opinion the other judges concurred.