DAHNKE, APPELLEE, *v.* MEGGITT, APPELLANT.

(Decided October 2, 1939.)

Mr. *Lewis L. Marquart* and *Mr. Alvin F. Weichel,* for appellee.

*Messrs. Flynn, Frohman, Buckingham, Py & Kruse,* for appellant.

CARPENTER, J. This is an action to recover damages for personal injuries claimed to have been sustained in a collision of two automobiles at an intersection. The judgment was for the plaintiff, and defendant appealed on questions of law.

The only question seriously presented to this court by the defendant, T. M. Meggitt, is whether he is liable for the negligent driving of his automobile by a prospective purchaser of it, a Mr. Zimmerman, whom he had requested to drive it for demonstration purposes,

and with whom he was riding at the time of the collision.

Meggitt, a dealer in automobiles, took Zimmerman for a ride to demonstrate to him a new Plymouth automobile. When they had gone a distance out of the city of Sandusky, Meggitt asked Zimmerman "if he wanted to drive it back." On the way back, at Meggitt's suggestion, Zimmerman drove on Warren street, which was rough, and at an intersection collided with an automobile in which plaintiff Eura Dahnke was riding, and injured her. At this time a sale had not been made but the next day Meggitt did sell Zimmerman another Plymouth automobile.

Except for some talk between Meggitt and Zimmerman about trying the automobile on a rough street, and the suggestion that Warren street was rough, Meggitt at no time exercised any control or direction over the driving of the vehicle by Zimmerman.

What was the relationship between Meggitt and Zimmerman at the time of the collision? Plaintiff claimed Zimmerman was Meggitt's agent; Meggitt claimed that he had surrendered possession of the automobile to Zimmerman and that he was then merely riding as his guest. Defendant's presence in his own automobile created a rebuttable presumption that Zimmerman was his agent. *Riley* v. *Speraw*, 42 Ohio App., 207, 181 N. E., 915. Nowhere does Meggitt's testimony or any other evidence in the record rebut that presumption.

At the oral argument before this court it was conceded by counsel for defendant Meggitt that the automobile in the hands of Zimmerman was not a bailment. This concession was unavoidable, because Meggitt, the owner of the vehicle, was in it and had the right to control it. Had he wished to do so he could have directed Zimmerman how and where to drive it, or at any time could have taken it from him. Such right of control negatives a bailment or relationship

of independent contractor and is the basic test of the principle of *respondeat superior,* either as to an agent or a servant. 8 Corpus Juris Secundum, 242, Bailment, Section 5.

In two recent cases this court has had occasion to point out the importance of the element of control in the principle of *respondeat superior. Fisher Body Co.* v. *Wade,* 45 Ohio App., 263, 187 N. E., 78; *Keefer* v. *Industrial Commission,* 58 Ohio App., 365, 368, 16 N. E. (2d), 579. Later the Supreme Court in *Miller* v. *Metropolitan Life Ins. Co.,* 134 Ohio St., 289, 291, 16 N. E. (2d), 447, wherein the leading Ohio cases are cited, considered the subject of control. In the Restatement of the Law of Agency, 1, Sections 1 and 2, control is stated to be the badge of a principal.

Meggitt had an interest in having Zimmerman drive the automobile to bring about its sale. In driving it Zimmerman was furthering that interest. While no reported decision in Ohio has considered this specific problem, the courts of many other states and of England have discussed it and, on facts such as are present here, without exception have held the dealer liable. *Doyon* v. *Massoline Motor Car Co.,* 98 N. J. L., 540, 120 A., 204; *Wooding* v. *Thom,* 148 App. Div., 21, 132 N. Y. Supp., 50, affirmed 209 N. Y., 583, 103 N. E., 1135; *Lott* v. *Grant,* 198 Wis., 291, 223 N. W., 846; *Smith* v. *Howard Crumley Co.* (La. App.), 171 So., 188; *Wilhelmi* v. *Berns,* 274 Ky., 618, 119 S. W. (2d), 625; *Cook* v. *Connelly Chevrolet Co.,* 261 Ill. App., 242; *Beaudoin* v. *Mahaney,* 131 Me., 118, 159 A., 567; *Samson* v. *Aitchison* (Eng.), A. C. (1912), 844, 82 L. J. P. C., 1, 107 L. T., 106, 28 Times L. R., 559.

In *Archambault* v. *Holmes,* 125 Conn., 167, 4 A. (2d), 420, the court pointed out that even though the seller or his agent was not exercising control over the operation, his liability for the negligence of the driver followed unless he had abandoned the right of control

and had wholly surrendered to the driver the operation. Because the trial court in that case did not expressly so find, its judgment for the dealer was reversed.

The defendant cites no cases in opposition to the foregoing. He does cite and quote at length from *Saums* v. *Parfet,* 270 Mich., 165, 258 N. W., 235, in which the dealer-defendant had turned the automobile over to the prospective purchaser who, when trying it out, caused the damages complained of. Neither the dealer nor his agent was with the driver at the time, and the dealer was held not liable. In this opinion there are cited a large number of cases sustaining it, in fact, the courts are quite in accord that where the owner or his agent is not with the prospect who is trying out a motor vehicle, the owner is not liable for the negligence of such prospect. In these cases, the element of the right to control or direct the operation of the vehicle being absent, the driver is merely a bailee of it. In the opinion in the *Saums case, supra,* by a quotation from 7-8 Huddy Cyc. of Automobile Law (9 Ed.), 280, Section 105, the court recognizes that the owner who permits the prospect to drive and remains with him while so doing, may be liable for the driver's negligence.

In the instant case the court instructed the jury that if it found that "the defendant had the right to control the direction and operation of his automobile, and that no agreement to the contrary existed between the defendant and Zimmerman, then the law implies that the relationship of principal and agent existed between Zimmerman and the defendant."

After the charge, counsel for defendant requested "the court to give to the jury the definition of the term 'principal and agent.' " This was refused and the refusal is urged as error. The concrete test as to "control" having been clearly given, an abstract

definition could have been of no aid to the jury and the court's refusal was not error.

Other errors are assigned, but none prejudicial has been found and the judgment is affirmed.

*Judgment affirmed.*

OVERMYER and LLOYD, JJ., concur.