UNIVERSAL UNDERWRITERS INSURANCE COMPANY
*v.* HOXIE.

DECISION OF THE COURT.

1. AUTOMOBILES—CAR SHOPPERS—IMPUTED NEGLIGENCE.

Judgment for defendant in action by automobile dealer's subrogee for damages to subrogor's car resulting from its negligent operation by car shopper when it collided with negligently operated car owned by defendant is reversed, the negligence of the car shopper not being imputable so as to prevent recovery.

SEPARATE OPINION.

T. M. KAVANAGH, C. J., and SOURIS and ADAMS, JJ.

2. AUTOMOBILES—LIABILITY OF OWNER—OWNER'S RIGHT TO RECOVER FOR WRONG DONE TO HIM.

*Provision of State vehicle code imposing liability upon owner for negligence of operator of car does not deny to an owner the right to recover for a wrong done to him (CLS 1961, § 257.401).*

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 581, 675, 676.
   Dealer's liability for negligent operation of car by prospective purchaser or one acting for him.  31 ALR2d 1445.
[2] 8 Am Jur 2d, Automobiles and Highway Traffic § 676.
   Contributory negligence of driver of motor vehicle as imputable to owner under statute making owner responsible for negligence of driver.  11 ALR2d 1437.
[3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 668, 675, 676.
   Negligence of driver of automobile as imputable to passenger.  90 ALR 630, supplemented in 123 ALR 1171.
[4] 8 Am Jur 2d, Automobiles and Highway Traffic § 676.
[5] 8 Am Jur 2d, Automobiles and Highway Traffic § 675.
[6] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 581, 675.
[7] 8 Am Jur 2d, Automobiles and Highway Traffic § 668.
   Negligence of driver of motor vehicle as imputable to passenger.  90 ALR 630, supplemented in 123 ALR 1171.
[8] 8 Am Jur 2d, Bailments § 253.
   Imputable negligence of bailee to bailor where subject of bailment is damaged by third person.  6 ALR 316, supplemented in 30 ALR 1248.
[9] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 581, 675.
[10] 8 Am Jur 2d, Automobiles and Highway Traffic § 668.
[11] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 581, 675.
[12] 5 Am Jur 2d, Appeal and Error § 727.

3. SAME—DOCTRINE OF IMPUTED NEGLIGENCE ABOLISHED.

*The doctrine of imputed negligence whereby the negligence of a driver is imputed to the occupants or owner of the car in their action against another motorist has been abolished in this State.*

4. SAME—IMPUTED NEGLIGENCE.

*Provision of State vehicle code imposing liability upon owner for negligence of operator of car does not operate to impute negligence of driver of owner's car upon owner in latter's action against another motorist whose negligence also may have proximately caused damage to the owner's car (CLS 1961, § 257.401).*

5. SAME—CONTRIBUTORY NEGLIGENCE.

*The doctrine of contributory negligence is concerned with barring recovery between wrongdoers and has no application to bar recovery by an owner for driver's negligence, in owner's action against another motorist, at least where the owner has no control of the vehicle or its driver at the time of the accident.*

6. SAME—NEGLIGENCE OF OPERATOR—NEGLIGENCE OF DEFENDANT.

*Fact that car shopper was negligent while driving car owned by plaintiff's subrogor and being demonstrated by its salesman when it collided with defendant's car, also negligently operated would not preclude recovery by subrogee from negligent defendant.*

SEPARATE OPINION.

SMITH and O'HARA, JJ.

7. AUTOMOBILES—IMPUTED NEGLIGENCE.

*The doctrine of imputed negligence has not been completely abolished but has been repudiated as it had theretofore been applied to bar recovery by a blameless passenger in an action against a third party.*

8. BAILMENTS—CONTRIBUTORY NEGLIGENCE OF BAILEE—IMPUTED NEGLIGENCE.

*The contributory negligence of the bailee concurring with that of a third person to injure the bailed property is not to be imputed to the bailor who is free from any negligence.*

9. AUTOMOBILES—IMPUTED NEGLIGENCE OF CAR SHOPPER—NEGLIGENCE OF DEFENDANT.

*The doctrine of imputed negligence is not applicable to bar recovery by the subrogee of owner of a car which was being driven by a negligent car shopper while on a demonstration drive with salesman when it collided with negligently operated car belonging to defendant.*

10. AUTOMOBILES—IMPUTED NEGLIGENCE.

   *The doctrine of imputed negligence has not been completely abolished but has been repudiated as it had theretofore been applied to bar recovery by a blameless passenger in an action against a third party, where passenger is not a joint venturer or master or principal of the driver.*

11. SAME—IMPUTED NEGLIGENCE OF CAR SHOPPER—RIGHT TO CONTROL BY SALESMAN.

   *Negligence of car shopper who was driving subrogor's car with subrogor's salesman present when car collided with defendant's automobile, also negligently operated, is imputed to the subrogor so as to preclude subrogee from recovering damages for injury to the subrogor's car at common law, it not being shown that the salesman did not have the right to control.*

12. APPEAL AND ERROR—WRONG REASONS FOR RIGHT RESULT.

   *Result attained by the trial judge that is correct will not be disturbed on appeal even though other reasons should have been assigned.*

Appeal from Ionia; Bebeau (Leo B.), J. Submitted June 3, 1964. (Calendar No. 18, Docket No. 50,546.) Decided March 1, 1965.

Case by Universal Underwriters Insurance Company, a foreign corporation, subrogee, against Richard Hoxie for damages to automobile sustained in collision. Judgment for defendant. Plaintiff appeals. Reversed and remanded for entry of judgment for plaintiff.

*Mitts, Smith & Haughey* (*Sherman H. Cone,* of counsel), for plaintiff.

*Fraser, Trebilcock, Davis & Foster,* for defendant.

ADAMS, J. The facts in this case are undisputed. An accident occurred at an uncontrolled country

road intersection when two automobiles collided due to negligence by both drivers. A salesman for Breimayer Chevrolet Sales Company was on a demonstration drive. The Breimayer car was under the sole operation and control of the car shopper, one of the negligent drivers. Plaintiff, subrogee of Breimayer, sued to recover from the second driver the damages to that automobile.

The case was tried to the court. Judgment was entered of no cause for action, based on a finding that under section 401 of the Michigan vehicle code (CLS 1961, § 257.401 [Stat Ann 1960 Rev § 9. 2101])* the negligence of the driver of the Breimayer automobile should be imputed to the owner.

The trial judge reasoned:

"Since the owner's liability statute does charge the owner with the negligence of the driver, it would appear logical that such negligence cannot be shed when the owner desires to recover for his damage from the third party who contributed to his damage."

---

* "Nothing herein contained shall be construed to abridge the right of any person to prosecute a civil action for damages for injuries to either person or property resulting from a violation of any of the provisions of this act by the owner or operator of a motor vehicle, his agent or servant. The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the State or in the failure to observe such ordinary care in such operation as the rules of the common law requires. The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge. It shall be presumed that such motor vehicle is being driven with the knowledge and consent of the owner if it is driven at the time of said injury by his or her father, mother, brother, sister, son, daughter, or other immediate member of the family: Provided, however, That no person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

The statute is a liability statute. It creates liability for a wrong. Nowhere does it deny to an owner the right to recover for a wrong done to him.

The doctrine of imputed negligence was abolished by this Court in *Bricker* v. *Green,* 313 Mich 218 (163 ALR 697). As was noted by the Court in that case (p 229), the doctrine was based on the theory that the passenger was so identified with the driver that unless the driver was free from negligence the passenger could not recover.

The Court concluded:

"Ever since 1872 we have adhered to the imputed negligence rule. We have recognized from time to time the changes brought about by the innovations of science and engineering, and we have carefully considered at much length the implications of the rule, its application, and the effect of its abandonment. As a result of our study and observation we are convinced that in the long run the application of the rule is more harmful than helpful and results in more injustice than it prevents; and that we should not continue the invariable application of the so-called imputed negligence rule merely and solely on the ground that the injured person was a voluntary, gratuitous passenger in an automobile, the driver of which was guilty of negligence which was a contributing proximate cause of an accident and injury to such passenger.

"Our holding herein should not be construed as excluding under appropriate circumstances the *defense of contributory negligence on the part of the passenger,* if relative to the cause of the accident the passenger failed to exercise such reasonable care and caution as he should have exercised under the circumstances." (Emphasis supplied.)

Ever since then, there have been attempts from time to time, by virtue of some legal relationship or theory of control, to identify a passenger or car

owner with the driver in such a way as to keep alive the doctrine of imputed negligence.

*Parks* v. *Pere Marquette R. Co.,* 315 Mich 38, upheld a charge to the jury as to negligence by the owner where a 17-year-old driver, without a driver's license, was driving with the permission and under the instructions of the injured-passenger owner. In that situation, the negligence of the driver was charged to the owner. There is language in the opinion which would indicate that "the right of control" of the vehicle, as opposed to actual control, is the test to be applied; but the facts in that case were such as to justify a finding of contributory negligence on the part of the owner-passenger since it was his actions which led directly to the negligence by the 17-year-old driver.

In *Bostrom* v. *Jennings,* 326 Mich 146, an owner-passenger was allowed to sue his own driver for injuries sustained due to the sole negligence of the driver. The rule stated in *Bostrom* is (p 157):

"The negligence of an agent is not imputable to his principal nor that of a member of a joint enterprise to his fellow member in an action by the latter against the former."

In *Ter Haar* v. *Steele,* 330 Mich 167, recovery was denied to plaintiff-employer in a suit against another driver because of the contributory negligence of the employee-driver of plaintiff's car. The case was tried on this assumption:

"Neither party questions the law that any contributory negligence of Underhill's would be imputable to his employer, the plaintiff."

In the cases of *Marrs* v. *Taylor,* 327 Mich 674, and *Miller* v. *Pillow,* 337 Mich 262, the question came

before this Court but did not reach decision because in each case the jury found no contributory negligence by the owner's driver.

In *Sherman v. Korff*, 353 Mich 387 (14 NCCA3d 149), the plaintiff husband sustained personal injuries in a collision caused by the joint negligence of his wife and defendant driver of the second car. This Court reversed a judgment in favor of the defendant, based upon a *fictional* theory of control of the car by the husband, and permitted the husband to recover. Justice TALBOT SMITH, writing the majority opinion, noted (pp 394, 395, 397):

"It [imputed negligence] was a pernicious doctrine in its lifetime. In its reincarnation it is no more appealing. It employs a discredited fiction to deny a just result.

"Our case involves a motor-vehicle passenger who was injured through the negligence of others. He, himself, is free from fault. Yet his action against one of those responsible for his injuries is said to be barred. * * *

"This conclusion results, apparently, from the holding that they were joint adventurers. * * * it is thought to follow that the contributory negligence of the driver should be imputed to the spouse passenger, thereby depriving him of recovery against a negligent third person, though the injured spouse himself was without personal fault. To paraphrase, the husband's teeth have been set on edge because his wife ate sour grapes. Is this law or is it magic? * * *

"Yet we must still contend with the doctrine. It has survived, in Huxley's words, 'long after its brains have been knocked out.' * * *

"Actually there is no right to control, in the case before us, in any matter causally connected with the

accident, and the imputation of negligence upon such grounds is clear error.

"When we are interpreting such words as 'agent' and 'control,' we must constantly ask, agency for what purpose? Control in what respect? It is hornbook learning that because one is an agent for one purpose he is not an agent for all. An agent to sell and convey lands has no authority to mortgage. 1 Restatement, Agency, § 67(2). No more can we say that because joint ownership results in real control for some purposes (*e.g.*, transfer of title), there is control for all purposes (*e.g.*, steering and braking while car is being driven by another)."

*Sherman* v. *Korff, supra,* and section 401, Michigan vehicle code, are concerned with the right of recovery of an innocent person for damages resulting because of the negligence of another. The doctrine of contributory negligence is concerned with barring recovery between wrongdoers. It does not merit extension to the innocent simply because they are employers, principals, members of a joint enterprise, or gratuitous passengers.

"The right to control" or constructive control, absent contributory negligence of a passenger or owner, is insufficient to charge them with the negligence of the driver. In the present case, the car was under the sole operation and control of the driver. The owner was in no way responsible for the negligence. There being no bar in the statute, Breimayer's subrogee may recover.

In a given case, this could result in allowing two owners of motor vehicles to recover their damages from each other as a result of the negligence of the drivers of their vehicles, but it would seem better that the doors of the courts be open to make right two wrongs than that they be closed to those who have been wronged in their persons or property.

The judgment of the circuit court is reversed and the case is remanded for entry of judgment of $931-.90, with costs to appellant.

T. M. Kavanagh, C. J., and Souris, J., concurred with Adams, J.

Black, J., concurred in result.

O'Hara, J. (*concurring in reversal*). While I am constrained to agree with the result reached by Mr. Justice Adams, I am unable to sign his opinion because I do not agree with the statement (p 106):

"The doctrine of imputed negligence was abolished by this Court in *Bricker* v. *Green*, 313 Mich 218 (163 ALR 697)."

*Bricker* v. *Green* was a landmark decision in our tort liability jurisprudence. I applauded it as a practicing attorney and I reaffirm my adherence to its salutary rule as a judge. But note its decisional paragraph, at p 235:

"We should not continue the invariable application of the so-called imputed negligence rule merely and solely on the ground that the injured person was a voluntary, gratuitous passenger in an automobile, the driver of which was guilty of negligence which was a contributing proximate cause of an accident and injury to such passenger."

As I read *Bricker* it did not abolish the "doctrine of imputed negligence." Rather it repudiated the doctrine as it had previously been applied in actions by a blameless passenger against a third party.

In *Ter Haar* v. *Steele*, 330 Mich 167, decided by a unanimous Court 5 years after *Bricker*, the first

headnote recognized the continued existence of imputed negligence:

"The contributory negligence of plaintiff's employee who was driving plaintiff's truck in which plaintiff was riding when injured by collision with defendant's truck is imputable to plaintiff."

This conclusion is consistent with the statement in the decision, at p 169:

"Neither party questions the law that any contributory negligence of Underhill's would be imputable to his employer, the plaintiff."

In *Sherman* v. *Korff,* 353 Mich 387 (14 NCCA3d 149), former Justice TALBOT SMITH, writing for the majority, declined to impute contributory negligence in an action by the husband against a third party, even though the husband and wife had joint title to the vehicle. Though Justice SMITH had some harsh things to say about the "pernicious doctrine," he did not say it did not exist. Rather he made it clear that the contributory negligence of the wife-driver was not imputable to the husband joint-owner, either by reason of the fiction of "right of control" (with which I thoroughly agree), or on the basis of a "common enterprise." But the latter not because in an action by one member of joint enterprise against a third party, the negligence of the one venturer is not imputable to the other. Rather because in that case there was no joint or "common enterprise" in fact. As I understand it, it is still the law in this State (however anomalously) that in an action *inter se* negligence is not imputable as between joint venturers, but in an action by any one of them against a third party it is. (See *Bostrom* v. *Jennings,* 326 Mich 146.)

In the last analysis, the decision in *Sherman, supra,* p 397, rests on the syllogism, equally applicable here that:

*Major:*

"Authority and reason alike support the proposition that the true relationship between husband and wife at the time of the accident was that of bailor and bailee."

*Minor:*

" 'The contributory negligence of the bailee, concurring with that of a third person to injure the bailed property, is not to be imputed to the bailor who is free from any negligence.' " [*Nash* v. *Lang,* 268 Mass 407, 412 (167 NE 762)] (*Sherman, supra,* p 402.)

*Conclusion:*

The contributory negligence of the driver (bailee) Reitz in this case was not imputable to the owner Breimayer (nor its subrogee) (bailor) in an action by Breimayer against a third party (Hoxie) for damage to the bailed property.

Therefore, in this case I agree with Justice Adams that the subrogee of the owner may recover, not because the doctrine of imputed negligence, in his words, "was abolished," but because under settled law it is not here applicable. I agree further with my Brother that the "ownership statute" imposes liability upon the owner for the acts of one driving with the owner's express or implied consent, but that it does not relate the driver's negligence to the owner in an action against a third party.

For the reasons I have herein set forth, I concur in Justice Adams' result.

Smith, J., concurred with O'Hara, J.

Kelly, J. (*dissenting*). I agree with Justice O'Hara that *Bricker* v. *Green,* 313 Mich 218 (163 ALR 697) "did not abolish the 'doctrine of imputed negligence,' " but only "repudiated the doctrine as

it has previously been applied in actions by a blameless passenger against a third party," where such passenger is not a joint venturer or master or principal of the driver, as borne out by the subsequent cases of *Parks* v. *Pere Marquette R. Co.,* 315 Mich 38; *Bostrom* v. *Jennings,* 326 Mich 146; *Ter Haar* v. *Steele,* 330 Mich 167, and *Sherman* v. *Korff,* 353 Mich 387 (14 NCCA3d 149).

I cannot agree with Justice O'HARA's conclusion that the contributory negligence of the driver, Father Reitz, is not imputable to the owner, Breimayer Chevrolet Company (and thus to its subrogee, Universal Underwriters Insurance Company), because the driver *was a mere bailee* and thus, under the common law, his contributory negligence is not imputable to his bailor, Breimayer.

I do not join Justice O'HARA in his opinion concurring in Justice ADAMS' reversal and remand but, to the contrary, believe the trial court's judgment against plaintiff should be affirmed under the common law.

Appellant submits only one question, namely: Did the trial court err in answering "yes" to the question:

"Does the Michigan motor vehicle ownership liability statute (CLS 1961, § 257.401; Stat Ann 1960 Rev § 9.2101) impute negligence on the part of the permissive user of a motor vehicle to the owner thereof so as to bar the owner's claim against a third party for damages to his vehicle caused through the joint negligence of the permissive operator and the third party?"

Appellee in a "Counter-Statement of Questions Involved" sets forth a second question as follows:

"Under the common law, is an automobile dealer to be charged with the contributory negligence of a sales prospect in testing and operating the dealer's

automobile in contemplation of purchasing same
when the dealer's sales representative, acting in the
course of his employment, permits the operation and
accompanies the operator?"

The trial court answered "yes" to appellant's
question, but did not answer appellee's question,
nor did the court consider an owner dealer's rights
and duties under the common law in finding for de-
fendant.

The appellee's question was injected into this case
from the start, as is disclosed by the "Statement
Pursuant to Court Rule No. V" filed over one year
before trial and signed by counsel for both parties.
Paragraphs "B", "C", and "D" read as follows:

"B. Disputed Facts on which Plaintiff Relies.

"Howard A. Scheid was merely a passenger in the
Corvair automobile being driven by Father Reitz,
and, although he was a salesman for Breimayer
Chevrolet Sales Company and was allowing Father
Reitz to drive the automobile for the purpose of a
possible sale, *he had no control over the driving of
the said Father Reitz.*

"C. Disputed Facts upon which Defendant Relies.

"Howard A. Scheid was more than a passenger in
the Corvair vehicle. He was an agent of the owner
on his principal's business, and *had the right of con-
trol over the operation of that vehicle.*

"D. Legal Theories Relied Upon.

"It is the contention of the plaintiff that the negli-
gence of Father Reitz, driver of the Corvair automo-
bile, is not imputed to Breimayer Chevrolet Sales
Company, owner of that vehicle. Although Howard
A. Scheid, salesman for Breimayer Chevrolet Sales
Company, was a passenger in the vehicle at the

time of the accident, *any right of control which he might have had over the driving of Father Reitz was a mere fiction, not recognizable in the State of Michigan. Sherman* v. *Korff,* 353 Mich 387." (Emphasis ours.)

Appellant did not file a reply brief, and the only statement that remotely refers to the question presented by appellee is the reference in its original brief to *Parks* v. *Pere Marquette R. Co.,* 315 Mich 38, as follows:

"In *Bricker* v. *Green,* however, the Michigan Supreme Court, reversing prior decisions to the contrary, held that the negligence of the driver of a motor vehicle cannot be imputed to a passenger therein.

"This was followed by the case of *Parks* v. *Pere Marquette R. Co.,* 315 Mich 38 (1946). In that case, the passenger was also the sole owner of the vehicle. The Michigan Supreme Court held that, under such circumstances, the negligence of the driver would be imputed to the owner-passenger *under the fictional theory that the owner was in control of the operation of the vehicle, there being no evidence to the contrary.*" (Emphasis ours.)

In the *Parks Case* we held (quoting syllabi):

"The owner's liability for negligence of another driving automobile while owner was a passenger is determinable under common-law principles applicable to master and servant and principal and agent relations."

"At common law a servant's negligence within the scope of his employment is imputable to master and bars latter's recovery against third persons if servant's negligence contributed to the injury."

"One who owns a car and is present therein at time of accident is prima facie in control of its operation, the mere fact that he does not actually

exercise control not warranting a finding of abandonment of right to control."

There is no dispute in this case that Scheid was Breimayer's agent and that the automobile was being demonstrated and being used in the furtherance of the dealer's business.

Scheid allowed Father Reitz to drive, believing it to be the best way to demonstrate the qualities of the car and to make another sale for Breimayer. Under these conditions Breimayer's rights and duties should be measured as though it was seated next to the prospective purchaser, Father Reitz, instead of its salesman and agent, Scheid.

The record in this case merely proves that the salesman allowed the prospective purchaser to drive the car without interfering with him as he drove. It also discloses that the accident would not have happened had the salesman not selected the gravel road upon which the intersection collision occurred.

There is a total absence of proof, nor is there even an intimation, that the salesman could not have at any time taken complete command of the car. In order for plaintiff to recover it would have to show that Breimayer's agent did not have the right of control. This it failed to do.

The Michigan Supreme Court has not passed judgment upon facts such as are presented in this appeal, but several other State supreme courts have and the majority sustain appellee's contention.

31 ALR2d 1445 establishes the principle in this way (pp 1449, 1450):

"The second broad rule deducible from the decisions forming the body of this annotation is that in cases in which the negligent operation of a dealer's car by a prospective purchaser or one acting for him has occurred while the dealer, or his representative, was present in the car, the dealer is liable for

harm resulting from such negligence, since the operator is, in such a situation, the agent of the dealer. In one decision, the rule is stated as follows: When an owner of a car, desirous of effecting a sale, allows its operation by a prospective purchaser as an aid to effect such prospective sale, the operation of the car by the prospective purchaser is in furtherance of the dealer's business, and the dealer's continued presence in the car in a situation where he could instantly give instructions, if necessary, to the purchaser-driver, creates a relationship between the two in which the driver is the agent of the dealer, and his negligence is imputable to the dealer."*

The Connecticut supreme court in *Archambault* v. *Holmes,* 125 Conn 167, 171 (4 A2d 420, 421), answered a question similar to that appellee presents to this Court as follows:

"However, to absolve the seller from liability for the negligence of a prospective purchaser in operating a car while accompanied by an agent or employee of the seller, something more is necessary than the mere fact that the agent or employee failed to exercise control over that operation. In most of the cases we have cited or referred to where the seller was held liable for the negligence of the purchaser, his agent was not in fact exercising any such control. The seller is absolved only where his agent has abandoned his right to control the operation of the car and surrendered that operation wholly to the

---

* Such rule of law has been applied in the following cases: *Robbins* v. *Greene,* 43 Wash 2d 315 (261 P2d 83); *Wilhelmi* v. *Berns,* 274 Ky 618 (119 SW2d 625); *Downtown Chevrolet Co.* v. *Braune,* 181 Okla 134 (72 P2d 842); *Dahnke* v. *Meggitt,* 63 Ohio App 252 (26 NE2d 223); *Wooding* v. *Thom,* 148 App Div 21 (132 NYS 50, 103 NE 1135); *Doyon* v. *Massoline Motor Car Co.,* 98 NJL 540 (120 A 204); *Lott* v. *Grant,* 198 Wis 291 (223 NW 846); *Beaudoin* v. *W. F. Mahaney, Inc.,* 131 Me 118 (159 A 567); *Archambault* v. *Holmes,* 125 Conn 167 (4 A2d 420); *Briggs* v. *Jess Mead, Inc.,* 93 Cal App 666 (270 P 263); *Cook* v. *Connelly Chevrolet Co.,* 261 Ill App 242. See, also, 60 CJS, Motor Vehicles, § 436, pp 1091, 1092; 5A Am Jur, Automobiles and Highway Traffic, § 568, pp 580–582, and 8 Am Jur 2d, Automobiles and Highway Traffic, § 581, pp 135, 136.

purchaser. *Sampson* v. *Aitchson*, L.R. [1912] App
Cas 844, 850; *Greenie* v. *Nashua Buick Co.*, 85 NH
316 (158 A 817); *Beaudoin* v. *W. F. Mahaney, Inc.*,
131 Me 118 (159 A 567). The principle is the same
as that applied in determining whether one who
does work for another is his employee or an inde-
pendent contractor, where we have said: 'The deci-
sive test is who has the right to direct what shall
be done and when and how it shall be done? Who
has the right to the general control?' *Thompson* v.
*Twiss*, 90 Conn 444, 447 (97 A 328, 330, LRA1916E,
506); *Francis* v. *Franklin Cafeteria, Inc.*, 123 Conn
320, 324 (195 A 198).

"The finding of the court in this case goes no far-
ther than to state that the seller's agent did not
actually exercise any control over the car while
Martin was driving it. It does not state that the
seller's agent had surrendered to Martin the right
to control its operation. The finding was not a suf-
ficient basis for a conclusion that Martin was not
operating the car in the place and stead of Foster,
the plaintiff's agent, and for holding that Martin's
negligence would not be imputed to the plaintiff as
his principal."

Other States with similar motor vehicle owner-
ship statutes as Michigan have recognized the neces-
sity and advisability of differentiating between
general ownership and automobile dealer ownership
—sales representative and prospective purchaser—
facts such as are involved in this appeal, and I be-
lieve Michigan should do likewise.

I am not writing on the issue as to whether the
court did or did not err in construing the Michigan
motor vehicle ownership liability statute (appel-
lant's question) because I believe that with the large
number of Michigan automobile dealers, salesmen,
and prospective purchasers, it is imperative in de-
ciding this case, and future cases, that we decide

same under appellee's common-law question rather than under appellant's statutory question.

"Where the trial judge reaches the right conclusion in deciding the case, we do not disturb the result attained even though other reasons should have been assigned." *McNair* v. *State Highway Department,* 305 Mich 181, 188.

Judgment should be affirmed.   Costs to appellee.

DETHMERS, J., concurred with KELLY, J.