Jimmy **DYER**, a minor, by and through his next friend, Ed Abel, Plaintiff,

v.

Harold **BURNS**, and R. B. Busby and J. T. Busby, partners, d/b/a Busby Brothers Motor Company, a co-partnership, Defendants.

Civ. No. 66–196.

United States District Court
W. D. Oklahoma.
Aug. 18, 1966.

---

Lampkin & Wolfe, Oklahoma City, Okl., for plaintiff.

Hudson, Wheaton & Brett, Tulsa, Okl., for defendants.

### ORDER REMANDING CASE

DAUGHERTY, District Judge.

Upon consideration of the plaintiff's Motion to Remand, the Court finds that said Motion should be sustained and the case remanded to State Court.

The plaintiff, a citizen of Oklahoma, sued the defendant Burns, a citizen of Missouri, and the defendant Busby Brothers, a citizen of Oklahoma, as a result of an automobile accident. The plaintiff was a passenger in one car and the defendant Burns was driving the other car. The car driven by the defendant Burns was owned by the defendant Busby Brothers and had been given to the defendant Burns as a prospective purchaser for a trial test of the car. Busby Brothers or its representative was not in the car at the time of the accident.

The defendant Burns removed the case alleging that the defendant Busby Brothers was fraudulently joined as a defendant.

In determining the right of removability, the courts have held the removal statutes should be strictly construed. Maurer v. International Typographical Union (D.C. Pa.1956), 139 F. Supp. 337. A joinder is not fraudulent where plaintiff does have a claim against the resident defendant thus joined, even though this defendant may have been joined solely to prevent removal. If there is doubt as to whether a plaintiff has stated a cause of action against the resident defendant, the joinder is not fraudulent and the case should be remanded. Parks v. New York Times Company (Fifth Cir.-1962) 308 F.2d 474, cert. denied 376 U.S. 949, 84 S.Ct. 964, 11 L.Ed.2d 969; Smith v. Southern Pac. Co. (Ninth Cir.-1951) 187 F.2d 397, cert. denied 342 U.S. 823, 72 S.Ct. 42, 96 L.Ed. 622.

A joinder may be deemed fraudulent for purposes of removal if the plaintiff fails to state a cause of action against the resident defendant and the lack of a cause of action is obvious according to the settled decisions or laws of the state. No Oklahoma case has been brought to the attention of the Court which provides that an automobile dealer is or is not liable for injuries or damages resulting from negligence in the operation of the dealer's car by a prospective purchaser who is driving the same alone in seeking to determine whether he will purchase such car from the dealer. In Downtown Chevrolet Co. v. Braune (1937), 181 Okl. 134, 72 P.2d 842, the Oklahoma Supreme Court held that an automobile dealer was responsible for any negligence in the operation of a car of the dealer being driven by a prospective purchaser when the dealer or his representative was personally present in the car at the time of the accident. This case seems to hold that liability was present there against the automobile dealer on the basis that the dealer exercised some control over the driver, the prospective purchaser.

There appears to be a division of authority in the states which have dealt with the problem of the liability of an automobile dealer for the negligence of a prospective purchaser in driving the car of the dealer, where the dealer or his representative is not present in the car with the prospective purchaser at the time of the accident. The great weight of authority among the states and probably the better rule is that no liability exists against the automobile dealer in this situation. 31 A.L.R.2d 1445. However, there is authority to the contrary. Tillman Chevrolet Co. v. Moore, 175 So.2d 794 (Fla.App.1965); Ragg v. Hurd, 60 So.2d 673 (Fla.1952); Lynch v. Walker, 159 Fla. 188, 31 So.2d 268 (1947). Apparently the proposition involved has been treated by those states in the majority on the basis of no agency but a bailment and in the minority on the basis of the dangerous instrumentality doctrine.

However, as stated above, Oklahoma has not ruled on this point and in the absence of such a ruling it is not known which rule the Oklahoma Supreme Court would follow upon being presented with such a situation.

Therefore, under the facts before the Court and the authorities reviewed, the Court cannot state for purposes of removability that the joinder of the resident defendant in this case is fraudulent or in bad faith, and that the legal relationship of the parties is such that non-liability under respondeat superior is conclusively shown. This is to say, that a joinder cannot be deemed fraudulent in these circumstances where the state court has not ruled on the point and could with some precedent rule in favor of liability.

Moreover, it is noted in this case that the defendant Busby Brothers has not joined the defendant Burns in the petition for removal. Unless a separate and independent claim or cause of action exists, it is necessary that all defendants join in the petition for removal. Heatherington v. Allied Van Lines, Inc. (W.D.-S.Car.–1961) 194 F.Supp. 6. There is no separate and independent claim here.

In view of the foregoing, the Court remands this case to the District Court of

Oklahoma County, State of Oklahoma. Pending Motions will be referred to that court.

The Clerk of this Court will take the necessary action to effect the remand of this case.