DeGROVE v SANBORN

1. Discovery—Request for Admissions—Failure to Answer—
   Court Rules.

   A party's failure to answer another party's stipulated request for
   information will generally constitute an admission of the truth
   of the statements contained in the request (GCR 1963, 312.1).

2. Automobiles—Owner's Liability Statute—Consent—Owner as
   Passenger—Imputed Negligence—Statutes.

   The automobile owner liability statute imposes liability upon an
   owner of an automobile for the acts of an individual driving the
   automobile with the owner's express or implied consent; how-
   ever, where the owner is injured while riding as a passenger in
   his own car being driven by another with the owner's consent,
   the ownership does not bar the owner passenger from bringing
   an action against either the driver or a third party (MCLA
   257.401; MSA 9.2101).

3. Automobiles—Owner as Passenger—Control over Automobile
   —Actions of Driver—Imputed Negligence.

   Michigan has rejected the theory that where an automobile
   owner is riding in his own automobile while it is being driven
   by another person the owner has control over the automobile
   and so should be held responsible for the actions of the driver.

4. Automobiles—Negligence—Owner as Passenger—Owner's
   Negligence—Intoxicated Driver—Jury Question.

   The question of whether it was negligence for an automobile
   owner to allow an intoxicated person to drive the owner's

---

References for Points in Headnotes

[1] 23 Am Jur 2d, Depositions and Discovery §§ 302–306.
   What constitutes a "denial" within Federal Rules of Civil Procedure
   36 and similar state statutes and rules pertaining to admissions
   before trial. 36 ALR2d 1192.

[2, 3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 524, 674.
   Owner's presence in motor vehicle operated by another as affecting
   owner's rights or liability. 50 ALR2d 1281.

[4] 8 Am Jur 2d, Automobiles and Highway Traffic § 953.

automobile, while the owner was a passenger, is for the jury to decide.

Appeal from Macomb, George R. Deneweth, J. Submitted June 17, 1976, at Detroit. (Docket No. 27105.) Decided August 5, 1976.

Complaint by Charles DeGrove against Mark N. Sanborn for damages arising from an automobile accident. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Lopatin, Miller, Bindes & Freedman* (by *Michael Gagleard),* for plaintiff.

*Lakin & Worsham, P. C.,* for defendant.

Before: V. J. Brennan, P. J., and N. J. Kaufman and R. H. Campbell,* JJ.

V. J. Brennan, P. J. On March 16, 1974, the plaintiff, Charles DeGrove, was riding in his automobile. The automobile was being driven by the defendant, Mark Noble Sanborn. An accident occurred and the plaintiff was injured. The plaintiff filed a complaint in the circuit court for the County of Macomb. On December 16, 1975, the Honorable George R. Deneweth, Macomb County Circuit Judge, granted the defendant's motion for summary judgment. The plaintiff has appealed from this order.

The plaintiff's complaint was filed on July 22, 1975. The complaint alleged that on March 16, 1974, at approximately 7:15 a.m., the defendant was driving a 1973 Ford in which the plaintiff was a passenger. It alleged that the defendant drove the motor vehicle at a rate of speed greater than

---

* Circuit judge, sitting on the Court of Appeals by assignment.

would permit him to operate a motor vehicle in a safe manner. It further alleged that the defendant failed to make proper observations of the conditions of the highway and drove the automobile in a grossly negligent manner, thereby causing severe injuries to the plaintiff.

The defendant filed his answer on October 2, 1975. In the answer, the defendant alleged that the vehicle he was driving was owned by the plaintiff. He denied that he was driving the vehicle in any negligent manner. He alleged that the accident occurred when he faced a sudden emergency when the automobile came across a patch of ice.

As affirmative defenses, the defendant alleged that at the time of the accident the plaintiff was the legal owner of the involved vehicle and had the legal right of control over the vehicle. It alleged that any negligence or contributory negligence chargeable against the driver could, therefore, be imputed to the plaintiff-passenger. The answer further alleged that if the defendant was truly negligent in all of the ways charged by the plaintiff, then the plaintiff was guilty of contributory fault in negligently entrusting himself to the care of the defendant-driver.

The defendant filed a motion for summary judgment on October 16, 1975. The motion alleged that nowhere in the plaintiff's complaint did the plaintiff allege that he was not able to exercise his legal and practical rights of control over his vehicle. It further alleged that any negligence on the part of the defendant would be chargeable to the owner-plaintiff-passenger. It also alleged that the plaintiff was guilty of contributory negligence as a matter of law because he entrusted himself to a driver who was allegedly under the influence of intoxicants.

On October 16, 1975, the defendant also filed requests for admissions of fact. These requests were the following: (1) that the vehicle was owned by the plaintiff at the time of the accident; (2) that at all times the plaintiff was conscious, intelligent and capable and discerning and knowing the actions of the driver, Mark Noble Sanborn; (3) at all times referred to in the complaint the plaintiff was not being kidnapped, under duress, or in any circumstances where he was not able to exercise his legal and factual control over the operation of the vehicle, and did not at any time attempt to stop the operation of the vehicle so that the plaintiff could drive instead of the defendant.

On November 6, 1975, the plaintiff filed answers to the defendant's affirmative defenses. He admitted that at the time of the accident he was the legal owner of the vehicle involved. He denied, however, that he had the right of control over the vehicle and that any negligence or contributory negligence could be imputed to him. He further denied that he had negligently entrusted the vehicle to the defendant.

On December 3, 1975, a stipulation was filed, signed by both counsel. This stipulation stated:

"It is hereby stipulated by and between respective counsel that defendant's request for admissions of fact will be supplied within 10 days of the date of any order entered herein."

The order of summary judgment was entered on December 16, 1975. Judge Deneweth found in part:

"[A]ccording to the pleadings, the plaintiff was the owner of the vehicle driven by defendant, and was in the vehicle at the time of the claimed motor vehicle accident which is the subject of this lawsuit, and the

Court further determining that as a matter of law the Acts of defendant are those chargeable to the * * * [plaintiff] owner, pursuant to the owner's legal right and duty of control, the Court does hold that based upon the pleadings there are no material issues of fact and the negligence of any defendant driver herein would be imputed, or otherwise chargeable to the * * * [plaintiff] owner, who was a passenger in his own vehicle at the time of the claimed wrongs set forth in the Complaint."

On appeal, plaintiff asserts that the trial court must be reversed for granting summary judgment under GCR 1963, 117.2(3). We agree.

We might note initially that plaintiff's failure to answer defendant's stipulated request for information will generally constitute an admission of the truth of the statements contained in a request. *Woodrow v Johns*, 61 Mich App 255; 232 NW2d 688 (1975). See GCR 1963, 312.1. However, because of what may be legitimate confusion over the meaning of the stipulation, on remand we direct the trial court to establish whether there was clear enough reason in fact for plaintiff's failure to respond. If there was in the court's judgment no clearly justifiable cause for this failure, these facts will be deemed admitted at trial.

However, even if the requested information is taken as admissions, we still feel summary judgment should not have been granted in this case.

Defendant makes three arguments that plaintiff's complaint indicates plaintiff was contributorily negligent and so cannot recover. We find none adequate to support summary judgment.

First, defendant contends that because plaintiff owned the automobile which defendant was driving at the time of the injury, defendant's negligence must be imputed to plaintiff. We disagree.

Michigan's owner liability statute does impose liability upon the owner for the acts of an individual driving with the owner's express or implied consent. MCLA 257.401; MSA 9.2101. However, where the injured passenger is the owner of the automobile, ownership does not bar the passenger from bringing an action against either the driver or a third party. *John v John,* 47 Mich App 413; 209 NW2d 536 (1973), *Nagele-Kelly Manufacturing Co v Hannak,* 13 Mich App 427, 431; 164 NW2d 540 (1968), *Bostrom v Jennings,* 326 Mich 146; 40 NW2d 97 (1949), *Bricker v Green,* 313 Mich 218; 21 NW2d 105 (1946). See *Universal Underwriters Insurance Co v Hoxie,* 375 Mich 102; 133 NW2d 167 (1965).[1]

In *Bostrom,* the decision closest in fact to the present matter, where plaintiff-owner was asleep in the back seat when the accident occurred, the Court refused to impute negligence so as to bar plaintiff's action. The situation in that case was conceived as an agency relationship, which, though leaving the principal liable to third parties, will not prevent the principal from suing the agent. *Bostrom v Jennings, supra,* at 157. On the basis of this decision alone, we would reject defendant's argument of imputed negligence as a bar.

---

[1] The following statement was made in *Nagele-Kelly* regarding the ambiguity occasioned by the separate opinions presented in this decision:

"In *Universal Underwriters,* Mr. Justice O'HARA, in an opinion signed by an additional justice, concluded his opinion with the following observation (375 Mich 102, 112): 'I agree, further, with my Brother that the "ownership statute" imposes liability upon the owner for the acts of one driving with the owner's express or implied consent, but that it does not relate the driver's negligence to the owner in an action against a third party.' This, coupled with Mr. Justice ADAMS' opinion, signed by 2 other justices, which would have abolished the doctrine of imputed contributory negligence altogether, leads us to conclude that in Michigan the negligence of a driver may not be imputed to the vicariously liable owner." *Nagele-Kelly Mfg Co v Hannak, supra,* at 431, n 5.

Second, defendant argues that because plaintiff was the owner of the vehicle, he had control over the vehicle and so should be held responsible for the driver's actions. This theory, closely related to the imputed negligence argument, has clearly been rejected in Michigan. *Boyd v McKeever,* 384 Mich 501, 506–507; 185 NW2d 344 (1971), *Universal Underwriters Insurance Co v Hoxie, supra,* at 108, *Sherman v Korff,* 353 Mich 387, 395; 91 NW2d 485 (1958).

Third, defendant contends that plaintiff's complaint, coupled with his admission that defendant was intoxicated, established that plaintiff was negligent in allowing defendant to drive and so bar his recovery. However, the question of the negligence of the owner is a jury question.[2] *Boyd v McKeever, supra, Sherman v Korff, supra.* We feel that material factual possibilities[3] other than those potentially barring[4] plaintiff did exist.

Reversed and remanded for proceedings conforming with this opinion.

[2] Note that the principle decision that defendant relies upon in this regard was appealed from a *jury verdict. Parks v Pere Marquette R Co,* 315 Mich 38; 23 NW2d 196 (1946). Thus, the "undisputed record" was established in fact by jury deliberation in that case, unlike the present matter. *Id.* at 47.

[3] The following factual possibilities not established by the pleadings and admissions present themselves to our mind: (a) the defendant was not intoxicated at all but was simply negligent in the manner that he was driving the automobile, (b) the defendant did not show any signs of intoxication when the plaintiff let him take the wheel but did begin to show signs of intoxication after he began to drive, at which point it was too late for the plaintiff to try to grab the wheel or interfere with the defendant's driving, or (c) the defendant's intoxication was never visibly apparent but that a blood test taken after the accident showed that he was intoxicated.

[4] Where the facts do establish that defendant was clearly intoxicated when the plaintiff allowed him to take the wheel, this evidence would obviously bar recovery.